NO. 4-99-0773

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Vermilion County

CASPER C. PEETE, ) No. 99CF116

Defendant-Appellant. )

) Honorable

) Claudia S. Anderson,

) Judge Presiding.

________________________________________________________________
            JUSTICE COOK delivered the opinion of the court:

          In April 1999, the State charged defendant, Casper Peete, with unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 1998)).  In June 1999, a jury found defendant guilty of the crime as charged.  After a joint hearing in September 1999, the trial court denied defendant's posttrial motion and sentenced defendant to seven years' imprisonment.  That same month, defendant filed a motion to reconsider, and the trial court denied the motion.  Defendant appeals, arguing that (1) the State did not prove him guilty beyond a reasonable doubt; (2) the trial court erred in not accepting his stipulation to the fact of a prior felony; (3) the prosecutor made improper statements in closing argument; and (4) the trial court erred in ordering defendant's court-appointed attorney be appointed with reimbursement without conducting a hearing regarding defendant's ability to pay.  We reverse and remand.

I. BACKGROUND

 On April 4, 1999, several police officers with the Danville city police force responded to the 400 block of Oak Street in Danville, Illinois, looking for defendant.  Officer Chris Yates responded to the call and was driving down Oak Street when he spotted defendant walking across Oak Street, away from the apartment complex at 438 Oak Street.  Officer Yates notified Sergeant Kenneth Kidwell of defendant's location and then proceeded to pull within a safe distance of defendant.  As Sergeant Kidwell and Sergeant Larry Wilson approached defendant on foot, Officer Yates drew his pistol and asked defendant to stop.  Defendant turned eastward and began to run down the alley that divides the 400 block of Oak Street.

          Officer Yates followed defendant down the alley in his patrol car while Sergeant Kidwell chased defendant on foot.  According to Officer Yates, defendant turned in a southeasterly direction between some houses approximately in the area of 420  Franklin Street.  At that point, Officer Yates lost sight of both defendant and Sergeant Kidwell for 5 to 10 seconds.

Sergeant Kidwell testified that, once defendant began running, he chased defendant on foot, trailing 30 or 35 feet behind defendant.  As defendant entered the area between 422 and 424 Franklin Street, Sergeant Kidwell saw defendant start to "dig" at the right side of his waistband.  At the time, defendant was wearing a long-sleeved shirt that hung out of his pants. Sergeant Kidwell testified that, because of defendant's clothes, he was unable to see what defendant was trying to find or remove.  As defendant dug at his pants, he began to slow down.  Sergeant Kidwell also began to slow down.  According to Sergeant Kidwell, defendant ran around the corner of 422 Franklin Street "hugging" the corner "pretty tight."  At that point, Sergeant Kidwell stopped running and cautiously approached the corner.  The next time Sergeant Kidwell saw defendant, defendant was running southbound on Franklin Street.  Sergeant Kidwell estimated that defendant was out of his sight for no more than 10 seconds and that, during that period of time, the distance between him and defendant doubled to between 65 and 70 feet.  Sergeant Kidwell did not see defendant reach for his waistband after he rounded the corner.  

After losing sight of defendant, Officer Yates continued eastward onto Franklin Street.  Officer Yates saw defendant round the northeast area of 418 Franklin Street and continue running south on Franklin Street.  As defendant proceeded south on Franklin Street, Officer Yates followed him in the squad car at a distance of 10 to 15 feet.  Defendant turned in a southwesterly direction onto Seminary and entered the upstairs apartment at 205 West Seminary.

After backup arrived, defendant was taken into custody.  The officers obtained consent to search the apartment and found nothing.  A search of defendant's person yielded a cellular phone.  The officers also searched the area of the pursuit.  While the officers were searching the area, Joseph Pierce, who lived at 418 Franklin Street, asked the officers what they were doing.  The officers informed Pierce that they were searching for contraband that might have been discarded during a pursuit, and if he observed anything, to let the officers know.  Shortly thereafter, Pierce informed the officers that his wife had found a gun behind the hedges of their residence.  According to the testimony of several witnesses, the hedges were anywhere between three and five feet tall.  The hedges were described as being thick and located five feet from the sidewalk.  The gun was lying on top of paint chips, which had been stripped from the porch above.  According to Officer Yates, the gun was halfway between the trunk of the hedge and the brick foundation and was clean and free of debris.  Pierce testified that the gun did not belong to him and that he had never seen the gun there before.

Later in April 1999, the State charged defendant with unlawful possession of a weapon by a felon.  In June 1999, the trial court conducted a jury trial.  During opening statements, the prosecutor referred to defendant's prior felony convictions of residential burglary and aggravated battery.   Defense counsel objected and offered to stipulate to defendant's felon status.  The trial court refused the stipulation and allowed the State to publish one prior felony conviction to the jury. 

At trial, Officer Yates, Sergeant Kidwell, and Pierce testified to the events on the evening of April 4, 1999.  Defendant presented the testimony of his girlfriend, Kelly Rouse.  Rouse testified that she was with defendant until 7 p.m on April 4, 1999, and had not seen defendant in possession of a handgun, but he did have a cellular phone.  Rouse also testified that defendant was carrying between $800 and $900 that evening because his mother had given him the money earlier in the day for a car.  In rebuttal, the State called Officer Bruce Stark, who testified that Rouse had told him that defendant did not have any money and that defendant had asked her for $50 to buy clothes.  At the conclusion of the trial, the jury found defendant guilty of the crime as charged.

 In July 1999, defendant filed a posttrial motion seeking a new trial or an acquittal.  In September 1999, the trial court held a hearing on the posttrial motion and a sentencing hearing.  The trial court denied defendant's posttrial motion and sentenced defendant to seven years' imprisonment.  Defendant filed a motion to reconsider his sentence, which the trial court denied.  This appeal followed.    

II. ANALYSIS

A. Sufficiency of the Evidence

Defendant appeals, contending that the evidence is insufficient to prove him guilty of unlawful possession of a weapon by a felon.  
When a defendant challenges the sufficiency of the evidence to sustain his conviction, the question for the reviewing court is whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the essential elements of the crime proved beyond a reasonable doubt.  
People v. Adams
, 308 Ill. App. 3d 995, 1006, 721 N.E.2d 1182, 1190 (1999).
  Proof beyond a reasonable doubt does not require the exclusion of every possible doubt, and a conviction may be sustained wholly upon circumstantial evidence where the entire chain of circumstances leads to a reasonable and moral certainty that the defendant committed the crime.  
People v. Brown
, 309 Ill. App. 3d 599, 608, 723 N.E.2d 362, 369 (1999).

A person commits unlawful possession of a weapon by a felon if he has been convicted of a felony and knowingly possesses a firearm on or about his person.  720 ILCS 5/24-1.1(a) (West 1998);  
Brown
, 309 Ill. App. 3d at 608, 723 N.E.2d at 369. 

In this case, Officer Yates, in uniform and in a marked squad car, yelled at defendant to stop, and defendant began to run down an alley.  Sergeant Kidwell pursued defendant on foot while Officer Yates pursued in his squad car.  As defendant was running, Sergeant Kidwell saw defendant "start to dig" on the right side of his waistband in what looked to be an attempt to remove something from his waistband or pocket.  

While the testimony is sketchy and confusing, a reasonable jury could have concluded that defendant was out of the sight of both Sergeant Kidwell and Officer Yates for a few seconds as defendant approached and turned at the corner of the residence at 418 Franklin Street.  As defendant ran down Franklin Street, he was no longer reaching for the waistband of his pants.

The gun was later found behind the hedges on the east side of the house at 418 Franklin Street and could be seen from the porch of the residence.  The gun was clean and lying on paint chips that had fallen from the porch.  The owner of the residence testified that his children played on the porch earlier in the day and had not seen the gun.  Furthermore, the resident's father-in-law had done yard work and had not reported seeing the gun. 

Defendant is correct that flight alone is not necessarily indicative of criminal activity.  See 
Illinois v. Wardlow
, 528 U.S. 119, 125, 145 L. Ed. 2d 570, 577, 120 S. Ct. 673, 676 (2000).  However, the cases cited by defendant do not prohibit a trier of fact from considering flight as circumstantial evidence.  In fact, evidence of flight is admissible as a circumstance tending to show a consciousness of guilt.  
People v. Pursley
, 284 Ill. App. 3d 597, 606, 672 N.E.2d 1249, 1255
 (1996), citing 
People v. Harris
, 52 Ill. 2d 558, 561, 288 N.E.2d 385, 387 (1972).   

Based on the circumstantial evidence, a rational trier of fact could have found defendant guilty beyond a reasonable doubt.

B. Defendant's Offer To Stipulate to His 

Prior Felony Conviction

 Defendant contends that, because he offered to stipulate to his prior felony convictions, the trial court erred in admitting evidence of the residential burglary conviction.  In support of his argument, defendant suggests that Illinois should follow the decision of the Supreme Court in 
Old Chief v. United States
, 519 U.S. 172, 136 L. Ed. 2d 574, 117 S. Ct. 644 (1997).  We agree.  

 In 
Old Chief
, 519 U.S. at 174, 136 L. Ed. 2d at 584, 117 S. Ct. at 647, the defendant was charged with several crimes, including possession of a firearm by a convicted felon, in violation of section 922(g)(1) of Title 18 of the United States Code (18 U.S.C. §922(g)(1) (1994)).  Prior to trial, the defendant offered to stipulate that he had been convicted of a prior felony.  
Old Chief
, 519 U.S. at 175, 136 L. Ed. 2d at 585, 117 S. Ct. at 648.  The government refused to stipulate, arguing that it was entitled to prove its case its way, and the district court agreed.  
Old Chief
, 519 U.S. at 177, 136 L. Ed. 2d at 585, 117 S. Ct. at 648.  On appeal, the Ninth Circuit upheld the ruling.  
Old Chief
, 519 U.S. at 177, 136 L. Ed. 2d at 586, 117 S. Ct. at 649.  On review, the Supreme Court reversed the judgment of the Ninth Circuit.  
Old Chief
, 519 U.S. at 178, 136 L. Ed. 2d at 586, 117 S. Ct. at 649.

In reviewing the decision of the Ninth Circuit, the Supreme Court concluded that the documentary record of the defendant's felony conviction was relevant evidence because it made his felon status more probable.  
Old Chief
, 519 U.S. at 179, 136 L. Ed. 2d at 587, 117 S. Ct. at 649.  However, Rule 403 of the Federal Rules of Evidence (Rule 403) (28 U.S.C. app. Fed. R. Evid. 403 (1994)) authorizes the exclusion of relevant evidence when its "'probative value is substantially outweighed by the danger of unfair prejudice.'"  
Old Chief
, 519 U.S. at 180, 136 L. Ed. 2d at 587, 117 S. Ct. at 650, quoting Fed. R. Evid. 403.  The Supreme Court declared that "there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant."  
Old Chief
, 519 U.S. at 185, 136 L. Ed. 2d at 591, 117 S. Ct. at 652.  While the risk may vary depending on the facts of a case, the risk will be substantial when the evidence of the other offense is so arresting as to "lure a juror into a sequence of bad character reasoning."  
Old Chief
, 519 U.S. at 185, 136 L. Ed. 2d at 591, 117 S. Ct. at 652.   

          With regard to the defendant's stipulation to felon status, the stipulation would have been not only relevant but conclusive evidence of the element.  
Old Chief
, 519 U.S. at 186, 136 L. Ed. 2d at 591, 117 S. Ct. at 653.  While the accepted rule that the prosecution is entitled to prove its case without the defendant stipulating away the evidence rests on good sense (
Old Chief
, 519 U.S. at 189, 136 L. Ed. 2d at 593, 117 S. Ct. at 654), the most a jury needs to know about the prior-conviction element is that the conviction admitted by the defendant falls within the class of crimes enumerated in the statute (
Old Chief
, 519 U.S. at 190-91, 136 L. Ed. 2d at 594, 117 S. Ct. at 655).  Accordingly, in a case where the prior conviction is likely to support a conviction on an improper ground, "the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction."  
Old Chief
, 519 U.S. at 191, 136 L. Ed. 2d at 594-95, 117 S. Ct. at 655.   

The facts in 
Old Chief
 are similar to the facts in this case.  The statute at issue in 
Old Chief
 states the following: 

 "(g) It shall be unlawful for any per-

son-- 

(1) who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year; 

* * *

 to *** possess [,] in or affecting commerce, any firearm ***."  18 U.S.C. §922(g)(1) (1994).

Under both the Illinois statute and the federal statute, the prosecution has to prove defendant's felon status.  

 Furthermore,  Illinois has a common-law rule, similar to Rule 403, which states "even when evidence is relevant, it may, in the trial court's discretion, be excluded if its prejudicial effect substantially outweighs its probative value."  
People v. Lewis
, 165 Ill. 2d 305, 329, 651 N.E.2d 72, 83 (1995).  While the aforementioned rule lacks the "unfair prejudice" language, the Supreme Court of Illinois has provided for the exclusion of evidence because of its "possibly unfair prejudicial nature."  
People v. Enis
, 139 Ill. 2d 264, 281, 564 N.E.2d 1155, 1161 (1990); see 
People v. Johnson
, 215 Ill. App. 3d 713, 732, 575 N.E.2d 1247, 1259 (1991) (trial court erred in admitting evidence where the probative value of the evidence was substantially outweighed by the danger of unfair prejudice).  In 
State v. Lee
, 266 Kan. 804, ___, 977 P.2d 263, 269 (1999), the Kansas statute lacked the "unfair prejudice" language, but the common law allowed for the exclusion of any evidence that may unfairly prejudice a jury.  The Supreme Court of Kansas held that the Kansas statute was sufficiently similar to Rule 403 and adopted the holding in 
Old Chief
.  
Lee
, 266 Kan. at ___, 977 P.2d at 270.  Similarly, we find that Illinois common law is similar to Rule 403.  

We note that 
Old Chief
 is not binding authority because the Supreme Court in 
Old Chief
 construed a federal statute, while here we are construing a state statute.  However, we find the rationale of 
Old Chief
 persuasive.

Other states have applied the 
Old Chief
 rationale to state statutes.  See 
Lee
, 266 Kan. at ___, 977 P.2d at 270; 
Brown v. State
, 719 So. 2d 882 (Fla. 1998).  For example, in 
Brown
, 719 So. 2d at 884, the defendant was convicted of unlawfully possessing a firearm by a convicted felon in violation of Florida law (Fla. Stat. §790.23 (1995)).  The trial court admitted evidence of defendant's prior felonies to prove the "convicted felon" element of the crime, despite defendant's offer to stipulate to the existence of a prior felony.  
Brown
, 719 So. 2d at 884.  The Supreme Court of Florida, in reversing the trial court's decision, held as follows:

"[W]hen a criminal defendant offers to stipu-

late to the convicted felon element of a charge 

of possession of a firearm by a convicted felon, 

the State and the trial court should accept 

that stipulation."  
Brown
, 719 So. 2d at 889.

The Florida evidence provision reviewed by the 
Brown
 court was essentially a restatement of Rule 403.  
Brown
, 719 So. 2d at 887. 

 In arguing against the 
Old Chief
 rationale, the State's reliance on the decision of the Supreme Court of Illinois in 
People v. Atkinson
, 186 Ill. 2d 450, 713 N.E.2d 532 (1999), is misplaced.  
Atkinson
 dealt with the use of prior convictions to impeach a witness' credibility.  
Atkinson
, 186 Ill. 2d at 455, 713 N.E.2d at 535.  The 
Atkinson
 court distinguished 
Old Chief
 (
Atkinson
, 186 Ill. 2d at 460-61, 713 N.E.2d at 537) because 
Old Chief
 dealt with prior convictions as an element of the crime, not for impeachment purposes.  The 
Atkinson
 decision has no bearing on the present case.

The State also contends that the committee notes to Illinois pattern jury instructions for criminal cases Nos. 18.07 and 18.08 (Illinois Pattern Jury Instructions, Criminal, Nos. 18.07, 18.08 (4th ed. 2000) (hereinafter IPI Criminal 4th)) direct the naming of the specific felony in the definition and issues instructions.  Illinois pattern jury instructions are not binding.  Illinois pattern jury instructions are used only when they accurately state the law.  177 Ill. 2d R. 451(a); 
People v. Testin
, 260 Ill. App. 3d 224, 230, 632 N.E.2d 645, 649 (1994).  Illinois pattern jury instructions, specifically IPI Criminal 4th Nos. 18.07 and 18.08, have been changed pursuant to court decisions.  See IPI Criminal 4th Nos. 18.07, 18.08, Committee Notes (location references deleted after the decision of the Supreme Court of Illinois in 
People v. Gonzalez
, 151 Ill. 2d 79, 87, 600 N.E.2d 1189, 1192-93 (1992)).  Accordingly, the fact that Illinois pattern jury instructions for criminal cases Nos. 18.07 and 18.08 suggest that the prior felony be specifically named does not affect our analysis. 

We conclude that the Supreme Court's approach in 
Old Chief
 regarding stipulations on prior convictions that are an element of the crime charged
 is the proper procedure.  While a prior conviction is necessary under a recidivism statute, there is concern for prejudicing the jury by informing it of the prior conviction.  
Apprendi v. New Jersey
, 530 U.S. ___, ___, 147 L. Ed. 2d 435, 473, 120 S. Ct 2348, 2379 (2000) (Thomas, J., concurring).  In applying our decision, we suggest that the trial courts (1) approve a stipulation 
requested
 
by
 
the
 
defendant
 whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon; (2) at the same time, allow the State to place into the record, at its discretion, the actual judgment of one prior felony conviction; (3) prevent the disclosure to the jury of such documents regarding the prior convictions and the number or nature of the prior convictions; (4) require the defendant, outside the jury's presence and after consultation with counsel, to personally acknowledge the stipulation and his or her voluntary right to have the State otherwise prove beyond a reasonable doubt the convicted-felon status; and (5) instruct the jury that it can consider the convicted-felon-status element of the crime as proved by the stipulation.  
Lee
, 977 P.2d at 270-71, citing 
Brown
, 719 So. 2d at 889.

       The State's final contention is that, even if the stipulation should have been allowed, the error did not prejudice defendant.  Contrary to the State's assertion, the evidence against defendant was not overwhelming.  Furthermore, relying on footnote 8 in 
Old Chief
, 519 U.S. at 185 n.8, 136 L. Ed. 2d at 591 n.8, 117 S. Ct. at 652 n.8, the State argues that the offense of residential burglary is so dissimilar from possession of a weapon by a felon that defendant suffered little prejudice.  The State's reliance on footnote 8 is misplaced.  In footnote 8, the Supreme Court acknowledges that, in some instances, the disclosure of the prior felony may benefit the defendant and, in those cases, the defendant has the right to refuse to stipulate to the prior felony.  
Old Chief
, 519 U.S. at 185 n.8, 136 L. Ed. 2d at 591 n.8, 117 S. Ct. at 652 n.8.  If defendant's residential burglary charge was so dissimilar from the possession-of-a-firearm-by-a-felon charge as the State claims it is, defendant need not have stipulated to the prior felony conviction.  

Because the evidence in this case was not overwhelming, the trial court's failure to accept defendant's stipulation was an abuse of discretion constituting reversible error. 

C. Improper Statements By the Prosecutor

Defendant also contends that he was denied a fair trial because of the prosecutor's remarks in his closing statements.  Defendant acknowledges that he did not raise this issue in his posttrial motion.  Thus, defendant has forfeited this issue.  
People v. Peeples
, 155 Ill. 2d 422, 486, 616 N.E.2d 294, 324 (1993).  Accordingly, our review of the alleged improper statements is limited to whether they constituted plain error.  
People v. James
, 200 Ill. App. 3d 380, 393, 558 N.E.2d 732, 740 (1990).  

 In his rebuttal argument the prosecutor stated the following:

      "[PROSECUTOR]: Now, [defense counsel]--

asks tells you thank you.  I'm not going to, 

because, yes, you did show up here.  It is an 

intrusion on your lives.  But until you have 

ruled on the evidence and the case law[,] you 

have not done your job.  And on this case on 

this evidence I would suggest your job is to 

find this defendant, Casper Peete, --

      [DEFENSE COUNSEL]: Objection, your honor, 

to that argument their job is to find--

      [THE COURT]:  Excuse me? 

      [PROSECUTOR]:  I'm asking them to find 

him guilty.

      [THE COURT]:  Restate your objection, [de-

fense counsel].

      [DEFENSE COUNSEL]:  He's saying their job 

is to find him guilty, your Honor.

      [PROSECUTOR]:  My argument is that as the prosecutor presenting this evidence the defen-

dant is guilty and they should find him guilty.

      [THE COURT]: Objection overruled, [defense 

counsel].

      [PROSECUTOR]: You guys know what I think 

you should do, but what I think [does not] 

matter.  What does matter is what you think.  

And on this evidence the defendant is guilty 

and they should find him guilty."

In 
United States v. Young
, 470 U.S. 1, 18, 84 L. Ed. 2d 1, 14, 105 S. Ct. 1038, 1047 (1985), the Supreme Court held that it was inappropriate and constituted error for a prosecutor to argue during closing argument that the jury would not be doing its job if it did not convict the defendant.  However, the majority found that reversal was not necessary because the defendant did not object at trial and defense counsel's own inappropriate remarks invited the prosecutor to respond.  
Young
, 470 U.S. at 17-18, 84 L. Ed. 2d at 14, 105 S. Ct. at 1047-48.   

Defendant cites the recent decision of the Supreme Court of Illinois in 
People v. Nelson
, 193 Ill. 2d 216, 737 N.E.2d 632 (2000), in support of his contention.   In 
Nelson
, the court found prosecutorial misconduct constituting reversible error when the prosecutor suggested the following:  (1) the jury would not live up to its oath if it found the defendant not guilty, and (2) the jurors' oath required them to find the defendant guilty.  
Nelson
, 193 Ill. 2d at 227-28, 737 N.E.2d at 639.  
Nelson
 involved a trial in the same county in which this case was tried and the same argument that was involved in this case. 

In 
People v. Kidd
, 175 Ill. 2d 1, 51, 675 N.E.2d 910, 934 (1996), the prosecutor argued during the sentencing phase of a capital murder trial that certain evidence presented by the defendant was "'the excuse that they want to utilize for you to abrogate your oath.'"  The Supreme Court of Illinois held that the trial court's actions of sustaining the defendant's objection and informing the jury to disregard the comment were sufficient to cure any prejudice.  
Kidd
, 175 Ill. 2d at 51, 675 N.E.2d at 934.    

In 
People v. Castaneda
, 299 Ill. App. 3d 779, 791, 701 N.E.2d 1190, 1197 (1998), this court found improper statements by the prosecutor during closing arguments constituted reversible error.  The prosecutor in his closing argument suggested several times that the oath taken by the jurors required them to find the defendant guilty.  
Castaneda
, 299 Ill. App. 3d at 783, 701 N.E.2d at 1192.  The prosecutor concluded by stating that the jurors would not live up to their duty if they did not find the defendant guilty.  
Castaneda
, 299 Ill. App. 3d at 783, 701 N.E.2d at 1192.  This court held that such remarks were clearly inappropriate (
Castaneda
, 299 Ill. App. 3d at 785, 701 N.E.2d at 1193) and reversed defendant's conviction because the trial court failed to sustain defendant's objection and properly admonish the jury (
Castaneda
, 299 Ill. App. 3d at 791, 701 N.E.2d at 1197).         

We trust that this argument will not be repeated on remand. 

 III. CONCLUSION

In view of our resolution of the above issues, we need not address defendant's contention that his counsel was ineffective for not raising the issue of the prosecutor's improper remarks in defendant's posttrial motion.  We also need not address defendant's contention that the trial court erred in ordering defendant's court-appointed attorney be appointed with reimbursement without conducting a hearing regarding defendant's ability to pay because the record does not show that defendant was ordered to pay reimbursement for his court-appointed attorney.  

Accordingly, we reverse defendant's conviction.  We note, however, the evidence suffices to permit retrial without offending double jeopardy.  We therefore remand to the trial court for a new trial consistent with this opinion.

 Reversed and remanded. 

MYERSCOUGH and KNECHT, JJ., concur.