THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEVIN BRAMAN, Defendant-Appellant.

Third District    No. 3—00—0755

Opinion filed February 21, 2002.

Jeremy B. Harris, of State Appellate Defender's Office, of Ottawa, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (John X. Breslin and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Defendant, Kevin Braman, was charged by indictment with the Class 4 felony of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(1) (West 1998)). In the indictment, it was alleged that the defendant had two prior DUI violations. Thereafter, a jury found him guilty of the offense tried; however, the fact of the defendant's two prior DUI convictions was not submitted to the

jury. At the sentencing hearing, the State offered the defendant's two prior DUI violations into evidence, which under section 11—501(d)(1)(A) of the Illinois Vehicle Code (Vehicle Code or Code), enhanced the offense from a Class A misdemeanor to a Class 4 felony (625 ILCS 5/11—501(d)(1)(A) (West 1998)). The court then sentenced the defendant to two years of probation and six months of work release.

The defendant appeals, arguing that (1) his conviction for felony DUI must be reduced to misdemeanor DUI because the State presented no evidence to the jury that he had two prior DUI violations, and (2) section 11—501(d)(1)(A) of the Code is unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000). We affirm.

The indictment against the defendant alleged that on January 14, 1998, the defendant drove a vehicle while he had a blood-alcohol concentration of .08 or greater, and he had at least two prior DUI violations. By alleging the defendant had at least two prior DUI violations, the State placed the defendant on notice that, if convicted, he was eligible to be sentenced as a Class 4 felon for the charged offense. 625 ILCS 5/11—501 (d)(1)(A) (West 1998).

At trial, the State presented evidence to the jury that at approximately 7:40 p.m. on January 14, 1998, an East Peoria police officer was dispatched to the scene of a car accident involving a Honda and a Ford Bronco. The officer testified that he observed the defendant sitting in the driver's seat of the Bronco. When the officer approached the defendant, he noticed that the defendant's eyes were red, his speech slurred, and he smelled of alcohol.

Further testimony at trial established that the defendant was transported by ambulance to a nearby hospital. There, a nurse conducted two blood draws on the defendant, one authorized by the officer and the other for the defendant's medical evaluation. The draws yielded blood-alcohol concentrations of .169 and .18, respectively.

The driver of the Honda testified that he was driving on Meadows Avenue in East Peoria at approximately 7:30 p.m. on January 14, 1998, when a car traveling the opposite direction crossed over the center line and collided with his car. The driver further testified that he was driving in the correct lane and had his headlights on at the time.

A passenger in the defendant's car testified that she and the defendant had been drinking alcohol in a bar on January 14, 1998. At approximately 7:30 p.m., they left the bar in the defendant's Bronco. The defendant was driving. She next recalled awakening inside a police car at the accident scene. She testified that she spoke to the defen-

dant a few days following the accident, and he explained that a car driving in the opposite direction with its headlights off had crossed over the center line and collided with his car.

After the close of evidence and arguments, the trial court instructed the jury that it needed to find the following propositions beyond a reasonable doubt to sustain the charge of driving under the influence of alcohol: (1) that the defendant drove a vehicle; and (2) that at the time the defendant drove the vehicle, the alcohol concentration in his blood was .08 or greater. The jury returned a guilty verdict.

At the sentencing hearing, the State offered defendant's two prior DUI violations into evidence for the purpose of enhancing the offense from a Class A misdemeanor to a Class 4 felony. The trial court then sentenced defendant to two years' probation and six months of work release. The defendant appealed his conviction and sentence to this court.

The defendant contends on appeal that his conviction for aggravated DUI should be reduced from a felony to a misdemeanor. The defendant argues that the State had to present evidence to the jury that he had two prior DUI violations and that the State failed to do so. He argues that the fact that he had two prior DUI violations is an element of the charged offense. Thus, he asks this court to reduce his conviction for aggravated DUI to misdemeanor DUI and remand the cause for resentencing within the range for a Class A misdemeanor.

■ Section 11—501 of the Illinois Vehicle Code provides, in pertinent part:

"(a) A person shall not drive *** any vehicle within this State while:

(1) the alcohol concentration in the person's blood or breath is 0.08 or more ***;

(2) under the influence of alcohol;

* * *

(d)(1) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol *** if:

(A) the person committed a violation of this Section, or a similar provision of a law of another state or a local ordinance when the cause of action is the same as or substantially similar to this Section, for the third or subsequent time[.]" 625 ILCS 5/11—501 (West 1998).

■ The present issue involves interpretation of the DUI statute. The fundamental rule of statutory construction is to ascertain and give effect to the intention of the legislature. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997); *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996).

Since the language used by the legislature is the best indication of legislative intent, courts look first to the words of the statute. *Nottage,* 172 Ill. 2d at 392. When the language of a statute is plain and unambiguous, courts will not read in exceptions, limitations, or other conditions. *People v. Daniels,* 172 Ill. 2d 154, 163 (1996). Moreover, criminal or penal statutes are to be strictly construed in favor of an accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute. *People v. Shinkle,* 128 Ill. 2d 480, 486 (1989).

We find this court's previous holding in *People v. Lambert,* 249 Ill. App. 3d 726 (1993), to be dispositive. In *Lambert,* the defendant was convicted of driving under the influence of alcohol and he appealed. He argued that the indictment had failed to give him sufficient notice of the People's intent to use his prior DUI convictions to establish that he had committed a Class 4 felony. Lambert argued that the indictment was defective because it did not set out the date or location for the prior DUI offenses. This court held that the indictment was sufficient and affirmed Lambert's conviction as a Class 4 felony. In rejecting Lambert's argument, this court stated:

"[W]e note that the indictment's failure to list the locations and dates of the prior DUI offenses did not impair the defendant's preparation of his defense since the elements of a Class 4 felony DUI are the same as a Class A misdemeanor DUI. [Citation.] Here, the prior offenses are not elements of a DUI charge and are used solely for sentencing purposes after the defendant is found guilty of DUI. As such, since the prior DUI offenses were irrelevant to his trial preparation, the defendant cannot claim he was prejudiced by the State's failure to include detailed information in the indictment regarding the prior convictions." *Lambert,* 249 Ill. App. 3d at 728.

As the language of section 11—501(d)(1)(A) makes clear, an enhanced penalty is available when a person commits some misdemeanor DUI, in violation of paragraph (a), and the aggravating circumstance of two prior DUI convictions are present. *People v. Lavallier,* 187 Ill. 2d 464, 468-69 (1999).

After careful review of the statute, we find that the aggravated DUI terminology used in the DUI statute simply refers to an aggravated or enhanced sentence for a third or subsequent DUI. Section 11—501(d)(1)(A) of the Vehicle Code is clearly a recidivist sentencing statute for repeat DUI offenders.

■ Having found that section 11—501(d)(1)(A) is a sentence-enhancing provision, we must determine whether the fact of defendant's prior DUI violations must be presented to the jury. In other words, is the enhancement provision of section 11—501(d)(1)(A) of the

Vehicle Code (625 ILCS 5/11—501(d)(1)(A) (West 1998)), under which the defendant was sentenced as a Class 4 felon, unconstitutional under *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63? We find no constitutional violation.

The issue presented in *Apprendi* was whether the due process clause of the fourteenth amendment required that a factual determination authorizing an increase in the maximum prison sentence for an offense must be made by a jury on the basis of proof beyond a reasonable doubt. *Apprendi*, 530 U.S. at 469, 147 L. Ed. 2d at 442, 120 S. Ct. at 2351. The *Apprendi* Court also stated that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. *Apprendi* is not violated when a defendant is sentenced to an extended-term sentence based upon prior convictions. *People v. Dillard*, 319 Ill. App. 3d 102 (2001). Here, we find no constitutional violation.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

HOMER and SLATER, JJ., concur.