THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS L. ZIMMERMAN, Defendant-Appellant.

Third District   No. 3—07—0695

Opinion filed August 31, 2009.

McDADE, J., dissenting.

Peter A. Carusona (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Terry A. Mertel and Justin A. Nicolosi (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CARTER delivered the opinion of the court:

The defendant, Thomas L. Zimmerman, was found guilty of two counts of aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 2006)) and one count of aggravated unlawful use of a weapon (720 ILCS 5/24—1.6(a)(2) (West 2006)). The defendant was sentenced to 4 years of probation and 180 days in jail, time served, for the aggravated discharge of a firearm convictions, but received no sentence for the aggravated unlawful use of a weapon conviction. On appeal, the defendant claims that he was denied a fair trial because the trial court erroneously informed the jurors that he had been previously adjudicated delinquent for an act that would have been a felony if committed by an adult. We reverse and remand for a new trial.

## FACTS

The charges against the defendant arise out of an incident occurring on April 22, 2007, in which the defendant shot a firearm in the direction of two individuals. The charge of aggravated unlawful use of a weapon alleged that the defendant

"knowingly carried a firearm being a shotgun in a motor vehicle at a time when he was not on his own land or in his own abode or fixed place of business and the defendant has been previously

adjudicated a delinquent under the Juvenile Court Act for an act which if committed by an adult would be a felony being unlawful possession of a stolen motor vehicle in Peoria County case 00—JD—423."

A jury trial was held on July 31, 2007. At the close of the State's case against the defendant, the State moved, outside the presence of the jury, to have a certified copy of the defendant's adjudication as a delinquent minor admitted into evidence. The defendant agreed to stipulate that he had been adjudicated a delinquent for an act that would have been a felony if committed by an adult, but objected to the jury being advised of the adjudication. The court, citing *People v. Walker*, 211 Ill. 2d 317, 812 N.E.2d 339 (2004), and *People v. Peete*, 318 Ill. App. 3d 961, 743 N.E.2d 689 (2001), concluded that the proper procedure in this case was to announce to the jury that the parties had stipulated that the defendant had been adjudicated a delinquent for an offense that would have been an adult felony. Thus, the jury would not be informed of the offense for which he had been adjudicated delinquent, but solely of his status as an adjudicated delinquent. Specifically, the court informed the jury:

"[T]he State has offered and the court has received State's Exhibit No. 5. This is a stipulation. A stipulation is an agreement between the parties that a certain fact exists. In this case the stipulation is that the defendant has been previously adjudicated a delinquent under the Juvenile Court Act for an act which if committed by an adult would be a felony. That may be considered by you in connection with the Count 5 [aggravated unlawful use of a weapon] and the charges with reference to Count 5 and only that limited purpose under Count 5."

The defendant also objected to the State's proffered jury instructions numbers 15 and 16. Both of those instructions instructed the jury that as an element of aggravated unlawful use of a weapon, it must find that the defendant had been adjudicated delinquent for an act which, if committed by an adult, would have been a felony. These instructions were drafted by the State because there are not any pattern jury instructions for this offense. The jury found the defendant guilty of two counts of aggravated discharge of a firearm and one count of aggravated unlawful use of a weapon. The defendant filed a motion for new trial in which he claimed the court erred by admitting evidence of his prior delinquency adjudication and by giving jury instructions numbers 15 and 16. That motion was denied. The defendant appeals.

## ANALYSIS

The defendant claims he was denied a fair trial because the court informed the jury that the defendant had been previously adjudicated

delinquent for an act which would have been a felony if committed by an adult. The defendant maintains that his prior adjudication was not an element of the charged offense to be found by a jury, but was an aggravating factor that should have been proved at the sentencing hearing. Pointing to section 111—3 of the Code of Criminal Procedure of 1963 (the Code of Criminal Procedure), the defendant contends that his prior adjudication should not have been disclosed to the jury. 725 ILCS 5/111—3 (West 2006).

The State maintains that the court properly presented the stipulation to the jury and claims that section 111—3(c) of the Code of Criminal Procedure does not apply here because the fact of the prior adjudication is an element of the charged offense. The State contends that subsection 24—1.6(a)(3)(D) of the Criminal Code of 1961 (the Criminal Code) should be interpreted as an element of the offense of aggravated unlawful use of a weapon because it is included in a list of factors that present questions of fact that must be presented to a jury. 720 ILCS 5/24—1.6(a)(3)(D) (West 2006). The State maintains that there was no error here and does not contend that any error was harmless.

Thus, the question before us is whether section 111—3(c) of the Code of Criminal Procedure applies to this factual situation. To decide this issue, we must construe different sections of the Code of Criminal Procedure and the Criminal Code. "The fundamental rule of statutory construction is to ascertain and give effect to the intention of the legislature." *People v. Braman*, 327 Ill. App. 3d 1091, 1093, 765 N.E.2d 500, 502 (2002). Issues of statutory construction are questions of law, which we review *de novo. People v. Caballero*, 228 Ill. 2d 79, 82, 885 N.E.2d 1044 (2008).

The Code of Criminal Procedure governs the court procedure in all criminal proceedings except where a different procedure is specifically provided by law. 725 ILCS 5/100—2 (West 2006). Section 111—3(c) of the Code of Criminal Procedure provides:

> "When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial." 725 ILCS 5/111—3(c) (West 2006).

The statute defines "enhanced sentence" as "a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense ***; it does not include an

increase in the sentence applied within the same level of classification of offense." 725 ILCS 5/111—3(c) (West 2006).

The defendant was charged with aggravated unlawful use of a weapon in violation of section 24—1.6(a)(1) of the Criminal Code. 720 ILCS 5/24—1.6(a)(1) (West 2006). In pertinent part, this statute prohibits a person from knowingly carrying in any vehicle any firearm, except when in certain places, when certain factors are present. 720 ILCS 5/24—1.6(a)(1), (a)(3) (West 2006). Here, the factor alleged by the State was that the defendant "was previously adjudicated a delinquent minor under the Juvenile Court Act of 1987 for an act that if committed by an adult would be a felony." 720 ILCS 5/24—1.6(a)(3)(D) (West 2006). In addition, the statute excepts weapons that are broken down, are not immediately accessible, or are unloaded and encased by a person with a valid Firearm Owner's Identification Card. 720 ILCS 5/24—1.6(c) (West 2006). A conviction of aggravated unlawful use of a weapon is a Class 4 felony. 720 ILCS 5/24—1.6(d) (West 2006).

The parallel section of the Criminal Code that criminalizes simple unlawful use of weapons prohibits a person from knowingly carrying in any vehicle any firearm except when in certain places. 720 ILCS 5/24—1(a)(4) (West 2006). This subsection excepts weapons that are broken down, are not immediately accessible, or are unloaded and encased by a person with a valid Firearm Owner's Identification Card. 720 ILCS 5/24—1(a)(4) (West 2006). A violation of this subsection is a Class A misdemeanor. 720 ILCS 5/24—1(b) (West 2006).

A comparison of these statutes leads us to conclude that the defendant's previous adjudication is not an element of the offense that must be proven to a jury. The only difference between simple unlawful use of a weapon and aggravated unlawful use of a weapon as alleged here is the defendant's previous delinquency adjudication. 720 ILCS 5/24—1(a)(4), 24—1.6(a)(1), (a)(3)(d) (West 2006). Thus, it appears that a defendant's delinquency adjudication is used to enhance a sentence for the same criminal conduct—namely, carrying a firearm in a vehicle—from a Class A misdemeanor to a Class 4 felony. This situation falls within the scope of section 111—3(c) of the Code of Criminal Procedure, which states that prior convictions used to enhance a sentence "from one classification of offense to another higher level classification of offense" are not elements of an offense and shall not be disclosed to the jury. 725 ILCS 5/111—3(c) (West 2006); cf. People v. Jackson, 269 Ill. App. 3d 851, 854-55, 646 N.E.2d 1299, 1303 (1995) (concluding that section 111—3(c) of the Code of Criminal Procedure does not apply to a conviction for unlawful possession of a weapon by a felon under section 24—1.1 of the Criminal Code).

The State relies upon the cases of *Old Chief v. United States*, 519 U.S. 172, 136 L. Ed. 2d 574, 117 S. Ct. 644 (1997), and *People v. Walker*, 211 Ill. 2d 317, 812 N.E.2d 339 (2004), to support its position that the court properly submitted the stipulation to the jury. These cases do not support the State's position. In *Walker*, the Illinois Supreme Court, relying upon the reasoning of the United States Supreme Court in *Old Chief*, concluded that the trial court erred by refusing the defendant's offer to stipulate to his felon status and, instead, permitting the State to present evidence of the name and nature of the defendant's prior felony conviction. *Walker*, 211 Ill. 2d at 338, 812 N.E.2d at 351. The defendant in that case was charged with unlawful possession of a weapon by a felon. *Walker*, 211 Ill. 2d at 337, 812 N.E.2d at 350; 720 ILCS 5/24—1.1 (West 2000). Whether the defendant's status as a felon was an element of the crime was not at issue in *Walker*, nor was the applicability of section 111—3(c) of the Code of Criminal Procedure (725 ILCS 5/111—3(c) (West 2006)). Rather, it is accepted in *Walker* that the defendant's prior felony conviction was an element of the charge against him. See *Walker*, 211 Ill. 2d at 319, 812 N.E.2d at 340.

It has long been recognized that the fact that a defendant was previously convicted of a felony is an element of the offense under section 24—1.1 of the Criminal Code. See *People v. Gonzalez*, 151 Ill. 2d 79, 87-88, 600 N.E.2d 1189, 1192-93 (1992); 720 ILCS 5/24—1.1 (West 2000). As stated by the court in *Gonzalez*, there are only two elements of the crime of unlawful possession of a weapon by a felon: "(1) the knowing possession or use of a firearm and (2) a prior felony conviction." *Gonzalez*, 151 Ill. 2d at 87, 600 N.E.2d at 1192-93. Thus, without a prior felony conviction there is no unlawful conduct described in section 24—1.1 of the Criminal Code. 720 ILCS 5/24—1.1 (West 2000). In contrast, the statute at issue in the instant case prohibits the same conduct as simple unlawful use of a weapon and then enhances the sentence to a Class 4 felony if the defendant had previously been adjudicated delinquent for an act that would have been a felony if committed by an adult. Thus, we do not find *Walker*, and the procedure it describes for permitting stipulations as to felony status where this status is an element of the crime, to be controlling here. *Walker*, 211 Ill. 2d at 341, 812 N.E.2d at 353.

We also find support for our decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. at 490, 147 L.

Ed. 2d at 455, 120 S. Ct. at 2362-63. The prior conviction exception to the *Apprendi* rule stems from the Court's previous decision in *Almendarez-Torres*. *Apprendi*, 530 U.S. at 487-90, 147 L. Ed. 2d at 453-55, 120 S. Ct. at 2361-63.

In *Almendarez-Torres*, the Court concluded that a subsection of a federal statute criminalizing the unauthorized return to the United States by an alien who was once deported was a penalty provision that simply authorized a court to increase the sentence for a recidivist, not an element of a crime that must be included in an indictment. *Almendarez-Torres*, 523 U.S. at 226-35, 140 L. Ed. 2d at 357-63, 118 S. Ct. at 1222-26 (construing 8 U.S.C. §1326 (1988)). Subsection (b)(2) of the statute increased the possible penalty from 2 to 20 years if the person had been deported subsequent to a conviction for commission of an aggravated felony. *Almendarez-Torres*, 523 U.S. at 229, 140 L. Ed. 2d at 359, 118 S. Ct. at 1224. In reaching this conclusion, the Court noted that the relevant subject matter of the subsection was recidivism and that lower federal courts "have almost uniformly interpreted statutes (that authorize higher sentences for recidivists) as setting forth sentencing factors, not as creating new crimes (at least where the conduct, in the absence of recidivism, is independently unlawful)." *Almendarez-Torres*, 523 U.S. at 230, 140 L. Ed. 2d at 359, 118 S. Ct. at 1224. Similarly, in this case, sections 24—1.6(a)(1) and (a)(3)(D) of the Criminal Code provide an increased penalty for the same conduct that is criminalized in section 24—1 of the Criminal Code. 720 ILCS 5/24—1.6(a)(1), (a)(3)(D), 24—1(a)(4) (West 2006).

Further, we agree with the Court's caution that interpreting section 24—1.6(a)(3)(D) as an element of an offense risks unfairness to the defendant. *Almendarez-Torres*, 523 U.S. at 234-35, 140 L. Ed. 2d at 362, 118 S. Ct. at 1226. A risk of prejudice to the defendant accompanies any admission of a conviction for a prior crime into evidence. *Walker*, 211 Ill. 2d at 338, 812 N.E.2d at 351; see also *Almendarez-Torres*, 523 U.S. at 234-35, 140 L. Ed. 2d at 362, 118 S. Ct. at 1226. We do not think the legislature intended such a risk here, where the fact at issue is almost never contested. See *Almendarez-Torres*, 523 U.S. at 235, 140 L. Ed. 2d at 362, 118 S. Ct. at 1226.

## CONCLUSION

We conclude that the defendant's prior adjudication as a delinquent for an offense that would have been a felony if committed by an adult was not an element of the offense under section 24—1.6 of the Criminal Code that must be admitted to the jury. 720 ILCS 5/24—1.6(a)(1), (a)(3)(D) (West 2006). Thus, we find the trial court erred by admitting the stipulation of the prior adjudication into evidence. We

reverse the defendant's convictions and remand for a new trial without this evidence being presented to the jury.

Reverse and remand with directions.

LYTTON, J., concurs.

JUSTICE McDADE, dissenting:

The majority reverses defendant's conviction and remands for a new trial on the ground that defendant's prior adjudication of delinquency is merely a sentence-enhancing factor that need not and should not be determined by the jury beyond a reasonable doubt. Because I believe that defendant's prior adjudication is a requisite factor for the satisfaction of the third element of the charge of aggravated unlawful use of a weapon (720 ILCS 5/24—1.6)(a)(1), (a)(3)(D) (West 2006)), I dissent from the majority opinion and disagree with the conclusion that this is simply a sentence-enhancing case.

Here, defendant was not charged with the Class A misdemeanor of "simple" unlawful use of a weapon (720 ILCS 5/24—1(a)(4) (West 2006)). Rather, he was charged with a completely different crime: the Class 4 felony of aggravated unlawful use of a weapon (720 ILCS 5/24—1.6(a)(1), (a)(3)(D) (West 2006)). The third element of the latter offense—that which transforms the crime from "simple" to "aggravated"—sets out nine factors, at least one of which must be proven beyond a reasonable doubt in order to properly convict the defendant of the more serious offense. See 720 ILCS 5/24—1.6(a)(3) (West 2006). Specifically, it states:

"(3) One of the following factors is present:

(A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense; or

(B) the firearm possessed was uncased, unloaded and the ammunition for the weapon was immediately accessible at the time of the offense; or

(C) the person possessing the firearm has not been issued a currently valid Firearm Owner's Identification Card; or

(D) the person possessing the weapon was previously adjudicated a delinquent minor *** for an act that if committed by an adult would be a felony; or

(E) the person possessing the weapon was engaged in a misdemeanor violation of [two specified drug statutes]; or

(F) the person possessing the weapon is a member of a street gang or is engaged in street gang related activity ***; or

(G) the person possessing the weapon had a [*sic*] order of protection issued against him or her within the previous 2 years; or

(H) the person possessing the weapon was engaged in the commission or attempted commission of a misdemeanor involving the use or threat of violence against the person or property of another; or

(I) the person possessing the weapon was under 21 years of age and in possession of a handgun as defined in Section 24—3, unless the person under 21 is engaged in [certain prescribed] lawful activities." 720 ILCS 5/24—1.6(a)(3) (West 2006).

Without proof of the third element, the State has not met its burden and the defendant must be acquitted of the crime as charged. While the majority apparently recognizes that each of the other eight factors contained in section 24—1.6(a)(3), if proven beyond a reasonable doubt, would satisfy the essential third element, it curiously singles out subsection (D) as the one factor that is merely sentence enhancing.

Certainly the legislature could have omitted subsection (D) from section 24—1.6(a)(3) and made the juvenile adjudication merely a sentence-enhancing factor to a simple unlawful use of weapons conviction pursuant to section 111—3(c) of the Code of Criminal Procedure (725 ILCS 5/111—3 (West 2006)) if it so intended. But it did not do so. Instead it elected to define a new crime and make the juvenile adjudication of delinquency an element of the offense, despite the existence of section 111—3(c).

The majority does not assert that the existence of section 111—3(c) precludes the legislature from defining a crime of aggravated use of weapons as it has done. The plain language of section 111—3(c) limits its application to situations where the State seeks an "enhanced *sentence*" because of a prior conviction. (Emphasis added.) 725 ILCS 5/111—3(c) (West 2006). We do not have such a situation here. The State did not charge defendant with the Class A misdemeanor and seek to enhance the sentence to that of a Class 4 felony. Instead it sought conviction of a different crime—aggravated unlawful use of a weapon—which was itself a Class 4 felony. See 720 ILCS 5/24—1.6(d) (West 2006).

The procedural bar provided for in section 111—3(c) only applies in instances where the prior conviction is not an element of the charged offense. 725 ILCS 5/111—3(c) (West 2006). Subsections 24—1.6(a)(1) through (a)(3) list all the elements the State needs to prove to the trier of fact, beyond a reasonable doubt, in order to convict an

individual of the charge of aggravated unlawful use of a weapon. Proof of a previous adjudication of delinquency is one of the possible factors the State must prove beyond a reasonable doubt in order to satisfy subsection 24—1.6(a)(3). See 720 ILCS 5/24—1.6(a)(3) (West 2006). If the trier of fact finds that the State has proven all the required elements provided for in subsections 24—1.6(a)(1) through (a)(3), defendant is guilty of a Class 4 felony. See 720 ILCS 5/24—1.6(d) (West 2006). The individual is then sentenced to the appropriate class felony as provided under subsection 24—1.6(d). It is on this basis that I reject the majority's conclusion that proof of a previous adjudication of delinquency is merely a sentence-enhancing factor.

For illustrative purposes, however, the majority's reasoning would apply to the situation where the State was attempting to enhance defendant's sentence from a Class 4 felony to a Class 2 felony on the basis that defendant was previously convicted of a felony in this state. See 720 ILCS 5/24—1.6(d) (West 2006). A previous conviction in Illinois is not an element the State needs to prove to the trier of fact, beyond a reasonable doubt, in order to convict an individual of aggravated unlawful use of a weapon. See 720 ILCS 5/24—1.6(d) (West 2006). Instead, the previous conviction merely increases an individual's sentence for aggravated unlawful use of a weapon from one classification (Class 4 felony) to a higher level classification (Class 2 felony). See 720 ILCS 5/24—1.6(d) (West 2006). In such a case, section 111—3(c) would prohibit the use at trial of the fact of the prior conviction. See 725 ILCS 5/111—3(c) (West 2006).

Since I would find that defendant's prior adjudication was an element of the crime and not merely a sentence-enhancing provision, I would affirm the trial court's decision to submit the information to the jury pursuant to the method set out in *Old Chief v. United States*, 519 U.S. 172, 136 L. Ed. 2d 574, 117 S. Ct. 644 (1997), and adopted by our supreme court in *People v. Walker*, 211 Ill. 2d 317, 812 N.E.2d 339 (2004).

For the foregoing reasons, I would affirm defendant's conviction.