Docket No. 109259.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v.
THOMAS L. ZIMMERMAN, Appellee.

*Opinion filed November 18, 2010.*

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Garman, Karmeier, and Theis concurred in the judgment and opinion.

## OPINION

Defendant, Thomas L. Zimmerman, was convicted of two counts of aggravated discharge of a firearm and one count of aggravated unlawful use of a weapon. The information for aggravated unlawful use of a weapon charged that defendant previously had been adjudicated delinquent for an act that would have been a felony if committed by an adult. See 720 ILCS 5/24–1.6(a)(3)(D) (West 2006). At trial, over defense objection, the trial court informed the jury that the parties had stipulated that defendant had been adjudicated delinquent for an offense that would have been a felony if committed by an adult.

On appeal, defendant contended that the jury should not have been informed of the stipulation because the fact of his prior delinquency

adjudication was a sentence enhancement rather than an element of the offense of aggravated unlawful use of a weapon. The appellate court reversed and remanded for a new trial. 394 Ill. App. 3d 124. We granted the State's petition for leave to appeal (210 Ill. 2d R. 315(a)), and now reverse the judgment of the appellate court.

## BACKGROUND

The charges against defendant arose out of an incident on April 22, 2007, in which defendant shot a firearm in the direction of two individuals. Defendant was charged by information with, and later indicted for, two counts of aggravated discharge of a firearm (720 ILCS 5/24–1.2(a)(2) (West 2006)); two counts of reckless discharge of a firearm (720 ILCS 5/24–1.5(a) (West 2006)), and one count of aggravated unlawful use of a weapon, a Class 4 felony (720 ILCS 5/24–1.6(a)(2) (West 2006)). The information for count V (aggravated unlawful use of a weapon) alleged that defendant:

> "knowingly carried a firearm being a shotgun in a motor vehicle at a time when he was not on his own land or in his abode or fixed place of business and the defendant has been previously adjudicated a delinquent under the Juvenile Court Act for an act which if committed by an adult would be a felony being unlawful possession of a stolen motor vehicle in Peoria County Case 00 JD 423 in violation of 720 ILCS 5/24–1.6(a)(2)."[1]

---

[1]The information cites subsection (a)(2) of the aggravated unlawful use of a weapon statute, which refers to a person carrying a firearm on or about his or her person on any public street or public lands, for the purpose of display or lawful commerce, when one of the factors in subsection (a)(3) is present. See 720 ILCS 5/24–1.6(a)(2) (West 2006). However, the description of the charged offense indicates defendant was charged with a violation of subsection (a)(1), for carrying a firearm in a motor vehicle when one of the factors in subsection (a)(3) is present. See 720 ILCS 5/24–1.6(a)(1) (West 2006). This discrepancy does not affect our analysis of the issue raised in this appeal. Nor does defendant argue that he was prejudiced by the formal defect in the information. See *People v. Ryan*, 117 Ill. 2d 28, 37 (1987).

At the close of the State's case, the State moved, outside the presence of the jury, to admit People's Exhibit 5–a certified copy of defendant's prior delinquency adjudication for unlawful possession of a stolen motor vehicle. The defense objected to the exhibit being tendered to the jury. When the assistant State's Attorney suggested that the exhibit be read to the jury, defense counsel offered to stipulate to the delinquency adjudication but objected to the jury being informed of the stipulation. The trial court overruled the objection and held that the jury would be informed of the prior delinquency adjudication without identifying the name or nature of the prior adjudication. The trial judge then admonished defendant that, by stipulating to the adjudication, defendant acknowledged that the State did not have to prove that fact beyond a reasonable doubt. Defendant agreed to the stipulation. The court admitted People's Exhibit 5 into evidence.

When the jury returned, the trial judge told the jury:

> "the State has offered and the Court has received State's Exhibit No. 5. This is a stipulation. A stipulation is an agreement between the parties that a certain fact exists. In this case the stipulation is that the defendant has been previously adjudicated a delinquent under the Juvenile Court Act for an act which if committed by an adult would be a felony. That may be considered by you in connection with the Count 5 and the charges with reference to Count 5 and only that limited purpose under Count 5."

The State submitted two modified pattern jury instructions, which the trial court gave over defense objections. Instruction number 15 defined the offense of aggravated unlawful use of a weapon predicated on a prior delinquency adjudication for an offense which, if committed by an adult, would be a felony. Instruction number 16 listed the prior delinquency adjudication as the last of three propositions which must be proven beyond a reasonable doubt by the State in order to convict the defendant of aggravated unlawful use of a weapon.

The jury found defendant guilty of two counts of aggravated discharge of a firearm and one count of aggravated unlawful use of a weapon. Defendant was found not guilty of two counts of reckless discharge of a firearm. The trial court imposed a sentence of 180 days' imprisonment in the county jail (with 180 days' credit for time served)

-3-

and four years' probation on the aggravated discharge convictions. The court did not impose a sentence on the aggravated unlawful use of a weapon conviction.

Defendant filed a motion for a new trial contending that the court erred by admitting evidence of his prior delinquency adjudication and by giving jury instructions 15 and 16. The trial court denied the motion.

The appellate court reversed defendant's convictions and remanded for a new trial without the evidence of the delinquency adjudication being presented to the jury. 394 Ill. App. 3d 124. The court held that defendant's prior delinquency adjudication was a sentence-enhancing factor used to enhance defendant's sentence for the same criminal conduct–carrying a firearm in a vehicle–from a Class A misdemeanor to a Class 4 felony. 394 Ill. App. 3d at 128. Therefore, the court held, the delinquency adjudication should not have been presented to the jury but should have been introduced at the sentencing hearing. The court relied on section 111–3(c) of the Code of Criminal Procedure of 1963, which provides:

> "When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section [5–4.5–10] of the 'Unified Code of Corrections' ***; it does not include an increase in the sentence applied within the same level of classification of offense." 725 ILCS 5/111–3(c) (West 2006).

The dissenting justice in the appellate court disagreed that defendant's prior delinquency adjudication was a sentence-enhancing factor pursuant to section 111–3(c). 394 Ill. App. 3d at 131 (McDade, J., dissenting). The dissenting justice would have found that defendant's prior delinquency adjudication was an element of the

-4-

charge of aggravated unlawful use of a weapon rather than a factor used to increase defendant's sentence from a Class A misdemeanor to a Class 4 felony. 394 Ill. App. 3d at 132 (McDade, J., dissenting).

ANALYSIS

The issue in this case is whether a defendant's adjudication as a delinquent minor for an act that if committed by an adult would be a felony is an element of the offense of aggravated unlawful use of a weapon, pursuant to section 24–1.6(3)(D) of the aggravated unlawful use of a weapon statute (720 ILCS 5/24–1.6 (West 2006)) or whether it is a sentencing enhancement. This issue presents a question of statutory interpretation, an issue of law which is subject to *de novo* review. *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 603 (2008).

Our primary objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). The most reliable indicator of the legislature's intent is the language of the statute, which is to be given its plain and ordinary meaning. *Solon*, 236 Ill. 2d at 440. We construe the statute as a whole. *In re E.B.*, 231 Ill. 2d 459, 466 (2008). Therefore, words and phrases should not be considered in isolation but, rather, must be interpreted in light of other relevant provisions in the statute. *In re E.B.*, 231 Ill. 2d at 466. In addition to the statutory language, the court may consider the purpose behind the law and the evils sought to be remedied, as well as the consequences that would result from construing the statute one way or another. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 280 (2003). Further, in interpreting a statute, we presume that the legislature did not intend absurdity, inconvenience, or injustice. *Brucker v. Mercola*, 227 Ill. 2d 502, 514 (2007).

Section 24–1.6 of the Criminal Code of 1961 codifies the offense of aggravated unlawful use of a weapon. This section provides, in part:

> "(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:
>
>> (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except

when on his or her land or in his or her abode, or fixed place of business any pistol, revolver, stun gun or taser or other firearm; or

(2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, or fixed place of business any pistol, revolver, stun gun or taser or other firearm; and

(3) One of the following factors is present:

(A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense; or

(B) the firearm possessed was uncased, unloaded and the ammunition for the weapon was immediately accessible at the time of the offense; or

(C) the person possessing the firearm has not been issued a currently valid Firearm Owner's Identification Card; or

(D) *the person possessing the weapon was previously adjudicated a delinquent minor under the Juvenile Court Act of 1987 for an act that if committed by an adult would be a felony;* or

(E) the person possessing the weapon was engaged in a misdemeanor violation of the Cannabis Control Act, in a misdemeanor violation of the Illinois Controlled Substances Act, or in a misdemeanor violation of the Methamphetamine Control and Community Protection Act; or

(F) the person possessing the weapon is a member of a street gang or is engaged in streetgang related activity, as defined in Section 10 of the Illinois Street-gang Terrorism Omnibus Prevention Act; or

(G) the person possessing the weapon had an order of protection issued against him or her within the previous 2 years; or

(H) the person possessing the weapon was engaged in the commission or attempted commission of a misdemeanor involving the use or threat of violence against the person or property of another; or

(I) the person possessing the weapon was under 21 years of age and in possession of a handgun as defined in Section 24–3, unless the person under 21 is engaged in lawful activities under the Wildlife Code ***.

* * *

(d) Sentence. Aggravated unlawful use of a weapon is a Class 4 felony; a second or subsequent offense is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years. Aggravated unlawful use of a weapon by a person who has been previously convicted of a felony in this State or another jurisdiction is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years. Aggravated unlawful use of a weapon while wearing or in possession of body armor *** by a person who has not been issued a valid Firearm Owner's Identification Card *** is a Class X felony. The possession of each firearm in violation of this Section constitutes a single and separate violation." (Emphasis added.) 720 ILCS 5/24–1.6 (West 2006).

Subsection (a) sets forth the elements of the offense of aggravated unlawful use of a weapon. In order to convict a defendant, the State must prove beyond a reasonable doubt the elements set forth in subsection (a)(1) or (a)(2), in addition to one of the nine factors in subsection (a)(3). 720 ILCS 5/24–1.6(a)(1) through (a)(3) (West 2006). Subsection (a)(3)(D) is listed as one of these nine factors. The factors in subsection (a)(3) transform the crime from "simple" unlawful use of a weapon to aggravated unlawful use of a weapon. See 720 ILCS 5/24–1 (West 2006) (defining the offense of unlawful use of weapons). Absent proof of one of the nine factors, the defendant has not been proven guilty of the crime as charged. In a separate subsection entitled "Sentence," subsection (d) provides that the offense is a Class 4 felony. It then lists several factors which increase an individual's sentence for aggravated unlawful use of a

weapon from one classification to a higher level classification. See 720 ILCS 5/24–1.6(d) (West 2006).

After examining the statute as a whole, we find that the legislature clearly intended subsection (a)(3)(D) to be an element of the offense of aggravated unlawful use of a weapon rather than a factor used to increase a defendant's sentence. Proof of a prior adjudication of delinquency is one of the possible factors the State must prove beyond a reasonable doubt to satisfy the elements of the offense pursuant to subsection 24–1.6(a)(3). See 720 ILCS 5/24–1.6(a)(3) (West 2006). Moreover, it would be illogical for the General Assembly to include a sentence-enhancing factor in a list with eight other factors which constitute an element of the offense. See, *e.g.*, *People v. Vasquez*, 368 Ill. App. 3d 241, 249 (2006) ("uncased, loaded, and immediately accessible" aggravating factor (720 ILCS 5/24–1.6(a)(3)(A) (West 2006)) is an element of the offense of aggravated unlawful use of a weapon).

We agree with the dissenting justice in the appellate court that the State did not charge defendant with the Class A misdemeanor of "simple" unlawful use of a weapon (720 ILCS 5/24–1 (West 2006)) and seek to enhance the sentence to that of a Class 4 felony. 394 Ill. App. 3d at 131-32 (McDade, J., dissenting). Instead, defendant was charged with an entirely different crime–aggravated unlawful use of a weapon–which was itself a Class 4 felony. 720 ILCS 5/24–1.6(d) (West 2006); 394 Ill. App. 3d at 132 (McDade, J., dissenting). Accordingly, section 111–3(c) of the Code of Criminal Procedure is inapplicable to the case at bar, where the State did not "seek[ ] an enhanced sentence because of a prior conviction." 725 ILCS 5/111–3(c) (West 2006). Had the legislature intended to make the delinquency adjudication a sentencing enhancement for misdemeanor unlawful use of a weapon, it likely would have placed it in the sentencing subsection of the statute describing that offense. See 720 ILCS 5/24–1(b) (West 2006) (listing sentence-enhancing factors for unlawful use of weapons).

Defendant relies on *People v. Jameson*, 162 Ill. 2d 282 (1994), and *People v. Lucas*, 231 Ill. 2d 169, 181 (2008), to support his interpretation of subsection (a)(3)(D) as a sentence-enhancing factor. Neither case bolsters defendant's position. In *Jameson*, 162 Ill. 2d 282, the issue was whether section 111–3(c) requires the State to

notify a defendant that he is eligible to receive a mandatory Class X sentence pursuant to section 5–5–3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005–5–3(c)(8)). *Jameson*, 162 Ill. 2d at 288. We concluded that "[t]he legislature enacted section 111–3(c) as a catch-all notice provision, thereby requiring the State to notify a defendant in *all* cases where it intends to charge the defendant with a higher classification of offense based on the defendant's prior convictions for that same offense." (Emphasis in original.) *Jameson*, 162 Ill. 2d at 290. Contrary to the assertion in defendant's brief, *Jameson* did not hold that section 111–3(c) applies to "all cases where someone is charged with an upgraded or higher classification of an offense as a result of a prior conviction." Rather, it clarified that under section 111–3(c), the State must give notice in the charging instrument whenever a defendant will be charged with a higher classification of offense because of prior convictions. *Jameson*, 162 Ill. 2d at 289. As we have stated, defendant was charged with aggravated unlawful use of a weapon. His delinquency adjudication was not used to upgrade his offense from a misdemeanor to a felony but was an element of the offense which the State bore the burden of proving at trial.

In *Lucas*, we held that the offense of "driving while license revoked, subsequent offense," may not serve as a predicate felony under the armed violence statute. *Lucas*, 231 Ill. 2d at 178. See 720 ILCS 5/33A–2(a) (West 2004) ("[a] person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law"). The offense of driving while license revoked is described in section 6–303(a) of the Illinois Vehicle Code and is listed as a Class A misdemeanor. 625 ILCS 5/6–303(a) (West 2004). In a separate subsection (d), the statute provides that a second violation is a Class 4 felony. 625 ILCS 5/6–303(d) (West 2004). However, pursuant to section 111–3(c), the enhancement of driving while license revoked from a misdemeanor to a felony was intended for sentencing purposes only. Therefore, the State could not prove the predicate felony for armed violence at trial. *Lucas*, 231 Ill. 2d at 182.

*Lucas* differs from the present case because, there, the defendant was charged with, and convicted of, misdemeanor driving while license revoked. *Lucas*, 231 Ill. 2d at 180-82. Only after being convicted of the misdemeanor offense was the prior conviction used

to increase the classification to a felony at sentencing. *Lucas*, 231 Ill. 2d at 181. By contrast, in the instant case, defendant was charged with a felony offense, and his prior delinquency adjudication was an element of that offense.

Based on the plain language of section 24–1.6 of the Criminal Code of 1961, we find that the legislature intended subsection (a)(3)(D) to be an element of the offense of aggravated unlawful use of a weapon and not a factor used to increase defendant's sentence from a misdemeanor to a felony.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court properly admitted the stipulation of defendant's prior adjudication as a delinquent for an offense that would have been a felony if committed by an adult. Accordingly, we reverse the judgment of the appellate court and affirm defendant's convictions.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*