# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Devine, 2012 IL App (4th) 101028**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD LEE DEVINE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-1028 |
| Filed<br>Rehearing denied | September 6, 2012<br>October 15, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's case was remanded for the imposition of the street-value fine set forth in section 5-9-1.1(a) of the Unified Code of Corrections as ordered by the trial court in sentencing defendant for unlawful possession of a controlled substance, even though the prosecutor did not ask for that fine because only cocaine residue was at issue, since the fine is mandatory and the statute does not provide a *de minimis* exception. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 09-CF-307; the Hon. Charles G. Reynard, Judge, presiding. |
| Judgment | Affirmed in part as modified and vacated in part; cause remanded with directions. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Martin J. Ryan, all of State Appellate Defender's Office, of Springfield, for appellant. |
| | |
| | William A. Yoder, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE McCULLOUGH delivered the judgment of the court, with opinion. |
| | Presiding Justice Turner and Justice Knecht concurred in the judgment and opinion. |

## OPINION

¶ 1    On August 25, 2010, the trial court found defendant, Donald Lee Devine, guilty of unlawful possession of a controlled substance, following a stipulated bench trial. On November 24, 2010, the court sentenced defendant to 54 months in prison and "the mandatory financial consequences."

¶ 2    On appeal, defendant argues (1) the trial court erred in imposing a $100 Trauma Center Fund fine, (2) the trial court erred in imposing a $25 Drug Traffic Prevention Fund assessment, and (3) the circuit clerk did not have authority to use remaining bond monies to satisfy an unpaid child support obligation. We affirm in part as modified, vacate in part, and remand with directions.

¶ 3    On April 15, 2009, a grand jury indicted defendant with a single count of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2008)) based on an incident of April 7, 2009. On May 12, 2009, defendant posted a $2,000 cash bond. After a stipulated bench trial on August 25, 2010, the trial court found defendant guilty of possessing less than 0.1 grams of cocaine residue. On November 24, 2010, the court denied defendant's motion for a judgment of acquittal or a new trial and sentenced defendant to 54 months in prison. The prosecutor stated that he was not asking for a street-value fine because the amount of cocaine at issue was only residue. The court imposed "the mandatory financial consequences."

¶ 4    This appeal followed.

¶ 5    Defendant argues the trial court lacked statutory authority to impose a $100 Trauma Center Fund fine and $25 Drug Traffic Prevention Fund assessment where no street-value fine was imposed. The State argues this issue is forfeited because defendant failed to file a posttrial motion setting forth his allegations of error. Defendant asks this court to review the issue as a matter of plain error.

¶ 6    The plain-error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

"(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1058 (2010).

Under both prongs of the plain-error analysis, the burden of persuasion remains with the defendant. *People v. Lewis*, 234 Ill. 2d 32, 43, 912 N.E.2d 1220, 1227 (2009). As the first step in the analysis, we must determine whether any error occurred at all. *People v. Thompson*, 238 Ill. 2d 598, 613, 939 N.E.2d 403, 413 (2010).

¶ 7 Section 5-9-1.1(a) of the Unified Code of Corrections (Unified Code) provides, in part, as follows:

"When a person has been adjudged guilty of a drug[-]related offense involving possession or delivery of cannabis or possession or delivery of a controlled substance, *** a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized.

'Street value' shall be determined by the court on the basis of testimony of law[-]enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the cannabis or controlled substance seized." 730 ILCS 5/5-9-1.1(a) (West 2008).

The trial court's determination of the amount of the street-value fine must be based on "some concrete evidentiary basis." *People v. Spencer*, 347 Ill. App. 3d 483, 488, 807 N.E.2d 1228, 1232 (2004).

¶ 8 The trial court in this case failed to assess a street-value fine against defendant. Section 5-9-1.1(a) provides in no uncertain terms that a person convicted of possessing or delivering cannabis or a controlled substance shall be assessed a fine not less than the street value of the contraband seized. The plain language of the statute provides no basis for the imposition of a *de minimis* exception. See, *e.g.*, *People v. Blankenship*, 406 Ill. App. 3d 578, 596-98, 943 N.E.2d 1111, 1126-27 (2010) ($10 street-value fine where the defendant possessed 0.83 grams of cocaine; stipulation by silence); *People v. Bond*, 405 Ill. App. 3d 499, 513, 942 N.E.2d 585, 597 (2010) (defendant possessed 1.3 grams of cocaine having a $130 street value). Defendant was convicted of unlawful possession of a controlled substance. Accordingly, application of section 5-9-1.1(a) requires the imposition of a street-value fine.

¶ 9 We remand this case to the circuit court of McLean County with the direction that the court impose the statutory street-value fine mandated by section 5-9-1.1(a) of the Unified Code. Given our decision on this issue, we need not address defendant's remaining arguments. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) (This court may "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require.").

¶ 10 Alternatively, defendant argues the $25 Drug Traffic Prevention Fund assessment pursuant to section 5-9-1.1(d) of the Unified Code (730 ILCS 5/5-9-1.1(d) (West 2010)) took effect on January 1, 2010, after the date of his offense. Accordingly, defendant argues the

trial court improperly imposed the $25 assessment pursuant to that statute. The State agrees. The imposition of a fine that does not become effective until after a defendant commits an offense violates *ex post facto* principles. *People v. Dalton*, 406 Ill. App. 3d 158, 163, 941 N.E.2d 428, 435 (2010). Accordingly, we vacate the $25 Drug Traffic Prevention Fund assessment.

¶ 11    Defendant next argues the circuit clerk did not have authority to use remaining bond monies to satisfy an unpaid child support obligation. Specifically, he argues neither section 110-7(f) of the Code of Criminal Procedure of 1963 (Criminal Procedure Code) (725 ILCS 5/110-7(f) (West 2008)) nor the Eleventh Judicial Circuit Court rules provide authority allowing the circuit clerk to use remaining bond monies to satisfy an unpaid child support obligation. Defendant does not argue the bail bond slip did not provide him notice indicating his remaining balance would be used to satisfy any unpaid child support obligation but only that the circuit clerk lacked authority to apply his remaining balance to an unpaid child support obligation.

¶ 12    As above, defendant failed to file a posttrial motion setting forth his allegations of error and asks this court to review the issue as a matter of plain error. Defendant bears the burden of persuasion. *Sargent*, 239 Ill. 2d at 190, 940 N.E.2d at 1059. First, we must determine whether any error occurred at all. *Thompson*, 238 Ill. 2d at 613, 939 N.E.2d at 413.

¶ 13    On May 12, 2009, defendant posted a $2,000 cash bond. A copy of the front side of the bail bond slip was filed on May 13, 2009. Defendant's signature appears under the following language:

"CERTIFICATE OF DEFENDANT. I, the Defendant, do hereby state that I know and understand the terms and conditions of this appearance bond as shown on the front and reverse of this form. I understand further that if at any time prior to the final disposition of the charge(s), I escape or am released on bond and fail to appear in Court when required, I thereby waive my right to confront witnesses against me; the trial or sentencing can proceed in my absence; I forfeit the security posted; judgment will be entered against me in the full amount of this bond, plus costs; a warrant may be issued in which additional bond may be required to be posted. I understand and accept the terms and conditions set forth above and on the reverse side of this appearance bond."

¶ 14    At page A-9 of the appendix to its brief, the State includes a copy of the reverse side of the appearance bond executed on the day of defendant's release on bond, stating in pertinent part:

"APPLICATION OF BOND.

When the person charged (the Defendant) has been discharged from all obligations in the case, the bond posted shall be distributed by the Circuit Clerk as follows:

***

B. When a 10% bond has been posted, then 90% of the bond posted shall be disbursed by the Clerk to satisfy any and all financial obligations in the court file in which the bond was posted as outlined in 725 ILCS 5/110-7, unless otherwise ordered by the Court. The remaining 10% of the bond, but not less than $5.00, shall be retained as court costs. Pursuant to Administrative Order 2004-6, any remaining balance shall be

-4-

first used to satisfy any child support obligations of the same defendant incurred in a different case, if any, with any remaining balance transferred to satisfy the fines, fees, court costs, restitution, public defender fees or other financial obligations of the same defendant in different cases. Any remaining balance shall be refunded to the Defendant or the Surety, unless the Court orders the refund be directed to some other person, entity or file."

A notation at the bottom right-hand corner of the copy of the reverse side of the bond slip states "Revised: December 2008."

¶ 15      In a notice filed on November 24, 2010, the circuit clerk advised defendant that the balance of his bond monies ($1,148) was sent "to [the] State Disbursement Unit for back child support."

¶ 16      Defendant is correct that the State's brief at page 18 fails to cite the appendix to the State's brief in support of the State's argument that the reverse side of the bond slip advised defendant how the bond would be applied. The State's failure to cite to the appendix to its brief does not limit this court's authority on review. "[T]he rule of waiver is a limitation on the parties and not on the courts, and a reviewing court may ignore the waiver rule in order to achieve a just result." (Internal quotation marks omitted.) *People v. Hoskins*, 101 Ill. 2d 209, 219, 461 N.E.2d 941, 946 (1984).

¶ 17      Defendant's signature on the bond slip certified his understanding and acceptance of the terms and conditions set forth on the reverse side of the bond slip. The bond slip advised defendant that a remaining balance would be used to satisfy any child support obligation. Defendant owed $45,671.67 in back child support.

¶ 18      Defendant argues section 110-7(f) of the Criminal Procedure Code (725 ILCS 5/110-7(f) (West 2008)) does not provide authority for the use of bail bond to satisfy an unpaid child support obligation. Questions of statutory interpretation are reviewed *de novo*. *People v. Williams*, 239 Ill. 2d 503, 506, 942 N.E.2d 1257, 1260 (2011). In construing a statute, the fundamental rule is to ascertain and give effect to the legislature's intent. *People v. Zimmerman*, 239 Ill. 2d 491, 497, 942 N.E.2d 1228, 1232 (2010). The most reliable indicator of that intent is the statutory language itself, which must be given its plain and ordinary meaning. *Zimmerman*, 239 Ill. 2d at 497, 942 N.E.2d at 1232.

¶ 19      Section 110-7(f) states in relevant part:

"When the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause the clerk of the court shall return to the accused ***, unless the court orders otherwise, 90% of the sum which had been deposited and shall retain as bail bond costs 10% of the amount deposited. *** Bail bond deposited by or on behalf of a defendant in one case may be used, in the court's discretion, to satisfy financial obligations of that same defendant incurred in a different case due to a fine, court costs, restitution or fees of the defendant's attorney of record. In counties with a population of 3,000,000 or more, the court shall not order bail bond deposited by or on behalf of a defendant in one case to be used to satisfy financial obligations of that same defendant in a different case until the bail bond is first used to satisfy court costs and attorney's fees in the case in which the bail bond has been

deposited and any other unpaid child support obligations are satisfied. In counties with a population of less than 3,000,000, the court shall not order bail bond deposited by or on behalf of a defendant in one case to be used to satisfy financial obligations of that same defendant in a different case until the bail bond is first used to satisfy court costs in the case in which the bail bond has been deposited." 725 ILCS 5/110-7(f) (West 2008).

¶ 20    Defendant argues section 110-7(f) authorizes the use of bond monies to satisfy only a fine, court costs, restitution, or attorney fees accrued in a different case, and not unpaid child support obligations. We disagree. Section 110-7(f) requires the circuit clerk to return to the accused bail bond monies "unless the court orders otherwise." 725 ILCS 5/110-7(f) (West 2008). Although a court *may* order a defendant's bail bond deposited in one case to satisfy financial obligations of that same defendant incurred in a different case due to a fine, court costs, restitution or attorney fees, it is wholly within the court's discretion. The only limitation upon the trial court's authority to order bail bond deposited by a defendant in one case to be used to satisfy financial obligations of that same defendant in a different case is, in counties with a population of 3 million or more, a court must first use the bail bond to satisfy court costs and attorney fees in the case in which the bail bond has been deposited and any other unpaid child support obligations. In counties with a population of less than 3 million the court must first use the bail bond to satisfy court costs in the case in which the bail bond has been deposited. A court may then exercise its discretion in using any remaining bail bond, including to satisfy unpaid child support obligations.

¶ 21    Here, the bail bond slip provided defendant notice indicating the circuit clerk would use his bail bond to satisfy all financial obligations in the instant matter. Further, any remaining balance would be used to satisfy any child support obligations. Defendant's signature on the bond slip certified his understanding and acceptance of the terms and conditions set forth on the reverse side of the bond slip. Contrary to defendant's arguments, section 110-7(f) provides authority for the use of bail bond to satisfy any unpaid child support obligation.

¶ 22    Defendant argues our finding of authority in section 110-7(f) will nullify section 110-7(g) of the Criminal Procedure Code (725 ILCS 5/110-7(g) (West 2008)). Section 110-7(g) concerns only a defendant who does not comply with the conditions of the bail bond and the court enters an order declaring the bail to be forfeited. In contrast, section 110-7(f) presumes the conditions of the bail bond have been performed.

¶ 23    Given our finding of authority in section 110-7(f) for the use of bail bond to satisfy any unpaid child support obligation, we find it unnecessary to discuss the copies of various pages of the Eleventh Judicial Circuit Court rules appended to the parties' briefs.

¶ 24    For the reasons stated, we remand with the direction that the circuit court impose the statutory street-value fine mandated by section 5-9-1.1(a) of the Unified Code; we vacate the $25 Drug Traffic Prevention Fund assessment; and we otherwise affirm the trial court's judgment as modified. We remand for issuance of an amended sentencing judgment so reflecting. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 25    Affirmed in part as modified and vacated in part; cause remanded with directions.