**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180630

Order filed February 5, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0630 Circuit No. 17-CF-13 |
| JOHN M. BROSE, | ) ) ) | Honorable Terrance M. Patton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices O'Brien and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*: Because prior DUI convictions do not constitute an element of an aggravated DUI charge, evidence was sufficient to prove defendant's guilt beyond a reasonable doubt where State offered proof of prior DUI convictions at sentencing hearing rather than at trial.

¶ 2        Following a jury trial, defendant, John M. Brose, was convicted of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2), (d)(1)(A), (d)(2)(B) (West 2016)). Based on his prior DUI convictions, the trial court sentenced him to 5 years in prison as a Class 2 felony offender. He appeals, claiming that his conviction should be reduced to a Class A

misdemeanor because the State failed to present evidence of his prior DUI violations to the jury as an element of the offense. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In January 2017, defendant was charged by information with two counts of aggravated DUI. Count 1 of the information charged defendant with aggravated DUI as a Class 2 felony, alleging that on January 10, 2017, defendant drove his vehicle while under the influence of alcohol and violated section 11-501(a) of the Illinois Vehicle Code (625 ICLS 5/11-501 *et seq.* (West 2016)) for the third or subsequent time (625 ILCS 5/11-501(a)(2), (d)(1)(A), (d)(2)(B) (West 2016)). Count 2 charged defendant with aggravated DUI as a Class 4 felony, alleging that defendant was driving under the influence of alcohol while his license was revoked (625 ILCS 5/11-501(a)(2), (d)(1)(G), (d)(2)(A) (West 2016)).

¶ 5        Defendant filed a motion *in limine* requesting, among other things, that the court bar any evidence concerning his prior misdemeanor convictions, with the exception of his prior DUI convictions in 2003 (No. 03-DT-349) and 1996 (No. 96-DT-42). At the hearing on the motion, defense counsel informed the court that the parties had reached an agreement to exclude the misdemeanors referenced in the motion. The prosecutor agreed that the misdemeanors would not be introduced and stated that "[t]here would be no discussion about the prior DUIs" at trial, noting that those violations were an issue for sentencing.

¶ 6        On the morning of trial, the court opened the proceedings with the following discussion:

            "THE COURT: Ok. Some of these are lesser-includeds [*sic*] or felony upgrades,

            so we need to be clear what—how many counts are going to the jury and what

            they're deciding. 17 CF 13, Count 1 is a DUI upgrade to a felony because of a prior

            conviction. Obviously, the jury doesn't get told of the prior conviction[s]. As far as

they're concerned, that's a straight DUI. That's 17 DT 8 upgraded to a felony. So the way I look at it, they're told that's one count of driving under the influence of alcohol. Does anybody disagree with that?

[DEFENSE COUNSEL]: I agree.

[ASSISTANT STATE'S ATTORNEY]: I do not disagree."

¶ 7    The trial court empaneled the jury and informed them that the parties had stipulated that defendant's driving privileges were revoked on the day in question. Officer John Gearhart testified that he saw defendant at a gas station and determined that defendant's license was revoked. He then observed defendant drive away and cross the yellow line several times. He stopped defendant and asked him to perform several field sobriety tests. Defendant failed the walk-and-turn test and refused to take the one-leg-stand test or the breath test. Gearhart opined that based on defendant's failed field sobriety test, his glassy and bloodshot eyes, and the smell of alcohol emanating from his breathe, defendant was unfit to drive a motor vehicle due to alcohol impairment.

Portions of the traffic stop video were also admitted into evidence and played for the jury.

¶ 8    At the conclusion of the trial, the court provided the jury with instructions and verdict forms for count 1, "driving under the influence of alcohol," and count 2, "driving under the influence of alcohol while license revoked." Following deliberations, the jury found defendant guilty of both counts.

¶ 9    At sentencing, the trial court inquired whether the State had any evidence of prior DUIs that justify count 1 being classified as a Class 2 felony. The State presented defendant's certified driving abstract, reflecting two prior convictions for DUI. Defense counsel stipulated to the abstract, and it was admitted. The court then continued:

"THE COURT: So do you agree, Mr. Hoelscher [DEFENSE ATTORNEY], that this DUI would have been the third or subsequent DUI?

[DEFENSE ATTORNEY]: We agree that it's the third DUI, Your Honor.

THE COURT: Ok. All right. Then Count 1, the felony DUI, the defendant will be sentenced as a Class 2, ***. Counts 1 and 2 are both felony DUIs: Count 1, because it's his third, Count 2, because he was—allegedly, at the time, his license was revoked for a DUI, but it turns out it wasn't revoked for a DUI. Is that correct?

[ASSISTANT STATE'S ATTORNEY]: That is correct. Your Honor."

The State conceded that count 2 should be reduced to a Class A misdemeanor. The court concluded that the misdemeanor offense merged into the Class 2 felony DUI and sentenced defendant to 5 years in prison on count 1, aggravated DUI.

¶ 10                                                     II. ANALYSIS

¶ 11        Defendant maintains that subsection (d)(2)(B) of the DUI statute denotes an additional element for aggravated DUI that the State must prove beyond a reasonable doubt. He contends that because the State failed to present any evidence to the jury establishing his prior DUI violations, his conviction should be reduced to a Class A misdemeanor.

¶ 12        Although defendant frames his contention as a sufficiency of the evidence argument, the issue before us involves the proper construction of section 11-501(d)(2)(B) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(2)(B) (West 2016)). Questions of statutory construction invoke *de novo* review. See *People ex rel. Glasgow v. Carlson*, 2016 IL 120544, ¶ 16.

¶ 13        Our principle objective in construing a statute is to ascertain and give effect to the intent of the legislature. *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill.2d 103, 117 (2007). The most reliable indicator of the legislature's intent is the language of the statute

4

itself. *Id.* Where the statutory language is clear and unambiguous, it must be applied as written, without resorting to other aids of statutory construction. *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 429 (2005). In so doing, we must construe the statute as a whole and read the relevant provisions within the context of the statute, as written. *Rogers v. Imeri*, 2013 IL 115860, ¶ 13. A reviewing court must avoid reading into the statute exceptions, limitations, or conditions that are not consistent with the express legislative intent. *In re N.C.*, 2014 IL 116532, ¶ 50.

¶ 14    Section 11-501 of the Illinois Vehicle Code provides the parameters for the offense of DUI, making it unlawful to operate a vehicle while under the influence of alcohol, drugs, or intoxicating compounds. See 625 ILCS 5/11-501(a)-(h) (West 2016). Subsection (a) describes the elements of the offense as: (1) driving or in actual physical control of any vehicle; (2) while under the influence of alcohol. *Id.* § 11-501(a)(2) (West 2016). Subsections (c) and (d) outline sentencing enhancement factors for violations of subsection (a) as follows:

"(c) Penalties.

(1) Except as otherwise provided in this Section, any person convicted of violating subsection (a) of this Section is guilty of a Class A misdemeanor.

(2) A person who violates subsection (a) or a similar provision a second time shall be sentenced to a mandatory minimum term of either 5 days of imprisonment or 240 hours of community service in addition to any other criminal or administrative sanction.

\* \* \*

(d) Aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof.

5

(1) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof if:

(A) the person committed a violation of subsection (a) or a similar provision for the third or subsequent time;

* * *

(2) (A) Except as provided otherwise, a person convicted of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof is guilty of a Class 4 felony.

(B) A third violation of this Section or a similar provision is a Class 2 felony. ***

(C) A fourth violation of this Section or a similar provision is a Class 2 felony, for which a sentence of probation or conditional discharge may not be imposed. ***

(D) A fifth violation of this Section or a similar provision is a Class 1 felony, for which a sentence of probation or conditional discharge may not be imposed. ***

(E) A sixth or subsequent violation of this Section or similar provision is a Class X felony. ***" *Id.* § 11-501(c)-(d)(2)(E) (West 2016).

¶ 15    Reviewing the plain language of these subsections it is clear that the legislature intended to impose sentencing classifications for second or subsequent DUI violations ranging from a

6

misdemeanor to a Class X felony. Subsection (c) classifies the initial offense as a Class A misdemeanor and defines penalties for first and second offenders, including 240 hours of community service. *Id.* § 11-501(c) (West 2016). Subsection (d) denotes a third or higher violation as aggravated DUI and enumerates felony classifications for each subsequent violation. *Id.* § 11-501(d)(1), (2) (West 2016).

¶ 16         In *People v. Van Schoyck*, 232 Ill. 2d 330 (2009), the Illinois Supreme Court interpreted subsection (c) and concluded that the enumerated penalties were not elements of the charged DUI offense. *Van Schoyck*, 232 Ill. 2d at 337. In that case, the court emphasized that the plain language of the DUI statute clearly expressed the legislature's intent:

> "Under the plain language of the statute, there is only one offense of driving under the influence. [Citation.] Subsection (a) sets forth the elements for the offense and classifies the offense as a Class A misdemeanor. The enhancing factors in subsection (c) do not create a new offense, but rather serve only to enhance the punishment. [Citation.]" *Id.*

The court concluded that "[s]ection 11-501 therefore operates just as any other statute which initially sets forth the elements of the offense and then, in a separate action, provides sentencing classifications based on other factors." *Id.*; see also *People v. Martin*, 2011 IL 109102, ¶ 24 (noting that "aggravated DUI is simply misdemeanor DUI with an aggravating factor, which turns the offense into a felony").

¶ 17         More recently, in *People ex rel. Glasgow v. Carlson*, 2016 IL 120544, our supreme court reviewed section 11-501 and concluded that the factors in subsection (d) were sentencing factors used to determine the felony classification of an aggravated DUI offense. *Carlson*, 2016 IL 120544, ¶ 23. In *Carlson*, the court was asked to determine whether a third conviction for DUI

7

was a Class 4 felony under section 11-501(d)(1)(A) or a Class 2 felony under section 11-501(d)(2)(B). *Id.* ¶ 16. In construing subsection (d), the court found that the language of the statute was unambiguous and that "the legislature meticulously prescribed unambiguous sentencing requirements and classifications for aggravated DUI." *Id.* ¶ 23. Applying statutory construction principles, it determined that subsection (d)(2)(B) demonstrated an "unambiguous legislative intent to classify a third DUI conviction as a Class 2 felony" for sentencing purposes. *Id.* ¶ 24. Nothing in the court's opinion referenced prior convictions as an element of an aggravated DUI offense.

¶ 18    Following *Van Schoyck* and *Carlson*, the rules of statutory construction lead us to conclude that defendant's prior DUI convictions did not constitute an element of the charged DUI offense. Reading the DUI statute as a whole, the unambiguous structure reveals the legislature's intent that subsections (c) and (d) provide sentence enhancements for successive DUI convictions rather than additional elements of the offense. In particular, the plain language of subsection (d) indicates an express legislative intent to apply prior DUI violations as enhancing factors to increase a sentence from one felony classification to a higher felony classification. See *People v. Harris*, 2015 IL App (4th) 140696, ¶ 41 (stating that prior DUI convictions do not constitute an element of aggravated DUI charge); *People v. Halerewicz*, 2013 IL App (4th) 120388, ¶ 35 (construing section 11-501 and concluding that prior violations may be used to elevate an offense to a felony for sentencing purposes); *People v. Lush*, 372 Ill. App. 3d 629, 634 (2007) (noting that prior DUI convictions are sentencing enhancements and not an element of aggravated DUI); *People v. Robinson*, 368 Ill. App. 3d 963, 977 (2006) (concluding that prior DUI convictions were erroneously admitted at trial and improperly persuaded the trier of fact). Construing subsections (c) and (d) as sentencing parameters is also consistent with the requirements of section 111-3(c) of the Code of Criminal

8

Procedure of 1963. 725 ILCS 5/111-3(c) (West 2018) (providing that when the State seeks an enhanced sentence because of a prior conviction, "the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury").

¶ 19       Here, defendant was charged with aggravated DUI in that he violated section 11-501(a) of the Illinois Vehicle Code for the third time. Pursuant to subsection (a)(2), the State was required to prove to the jury that: (1) defendant was driving or in actual physical control of a vehicle; and (2) he was under the influence of alcohol while doing so. 625 ILCS 5/11-501(a)(2) (West 2016). Defendant's two previous DUI convictions were not elements of the offense; they were aggravating factors that enhanced his sentence for the offense. Defendant's third violation of 11-501(a) raised the offense to aggravated DUI and elevated the sentencing classification from a misdemeanor to a Class 2 felony. *Id.* § 11-501(d)(1)(A), (2)(B) (West 2016). Since prior DUI violations are not an element of aggravated DUI, the State was not required to prove defendant's prior DUI convictions to the jury beyond a reasonable doubt.

¶ 20       Defendant argues that we must follow *People v. Zimmerman*, 239 Ill. 2d 491 (2010). In *Zimmerman*, the supreme court held that a prior adjudication of delinquency was an element of the offense of aggravated unlawful use of a weapon. *Zimmerman*, 239 Ill. 2d at 500. After examining the language of section 24-1.6 of the Criminal Code of 1961 (Code) (720 ILCS 5/24-1.6 (West 2006)), the court found that the legislature intended a previous adjudication to be an element of the offense of aggravated unlawful use of a weapon that the State was required to prove beyond a reasonable doubt. *Id*.

¶ 21       Although *Zimmerman* is compelling, it differs from this case in one crucial aspect: the statutory structure of the aggravating offense. Under the Code, aggravated unlawful use of a

9

weapon, codified in section 24-1.6 (720 ILCS 5/24-1.6 (West 2018)), is an offense distinct and apart from unlawful use of a weapon, found in section 24-1 (720 ILCS 5/24-1 (West 2018)). Thus, based on the Code's statutory scheme, the defendant in *Zimmerman* was charged with an entirely separate crime from unlawful use of weapon. Here, the legislature wrote the DUI statute differently. Section 11-501 of the Illinois Vehicle Code defines the offense of driving while under the influence of alcohol to include factors that may result in an aggravated charge. See 625 ILCS 5/11-501(a), (d) (West 2016). However, there is only one statutory offense of driving while under the influence. Subsection (d) simply elevates the misdemeanor offense to a Class 2 felony if convicted of DUI for the third time.

¶ 22        In this case, the State was required to prove that defendant drove a vehicle while under the influence of alcohol. The State was not required to demonstrate, as an element of the offense, that defendant had two prior DUI convictions. The evidence presented to the jury was therefore sufficient to prove defendant's guilt beyond a reasonable doubt.

¶ 23                                III. CONCLUSION

¶ 24        The judgment of the circuit court of Henry County is affirmed.

¶ 25        Affirmed.