**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190353

Order filed September 19, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Tenth Judicial Circuit, Tazewell County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0353 Circuit No. 15-CF-214 |
| DAVID C. GROGG, | ) ) ) | Honorable Frank W. Ierulli, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Justices Daugherity and Hauptman concurred in the judgment.

**ORDER**

¶ 1     *Held*:  (1) The State had no duty to prove beyond a reasonable doubt that defendant had four prior convictions for driving under the influence and (2) defendant's trial counsel was not ineffective for not filing a motion to suppress.

¶ 2     Defendant, David C. Grogg, was indicted on charges of aggravated driving under the influence (DUI) (625 ILCS 5/11-501(d)(1)(A) (West 2014)) and driving while license revoked (*id.* § 6-303(a). He was found guilty of both counts in a bench trial. After denying his amended

motion for a new trial, the trial court sentenced him to a four-year term of incarceration. He has challenged both the conviction and the sentence. For the reasons that follow, we affirm both.

¶ 3                                                      FACTS

¶ 4        David Grogg was charged with one count of aggravated DUI and one count of driving while license revoked. The indictment for the aggravated DUI charged Grogg with a Class 1 felony offense and alleged that at the time of the offense, Grogg had a blood alcohol content of 0.16 or greater and had at least four prior DUI violations.

¶ 5        Grogg hired private counsel to represent him, waived his right to a jury, and proceeded to a bench trial. On the day that Grogg's trial was to begin, defense counsel asked for a continuance because a witness for the defendant had suffered a stroke, could not come to court, and could barely communicate. The State objected to the continuance, and the trial court ruled that the State's case-in-chief would commence, and the defendant's case would be continued for 60 days to allow defense counsel time to see if the incapacitated witness would be able to testify.

¶ 6        During the State's case, Pekin police officer Cory Mitchell testified to the circumstances of Grogg's arrest. Mitchell's motorcycle was not equipped with a video camera, but a second officer arrived in a squad car, which was so equipped and recorded the incident. The State offered that recording, which showed Mitchell administering a field sobriety test to Grogg and arresting him, into evidence. In the video, Grogg denied driving the vehicle and stated that he had been in the backseat, but Mitchell told Grogg that he had seen him driving the vehicle.

¶ 7        On direct examination, Mitchell testified that at around 4:30 p.m. on March 31, 2015, he was on duty on a motorcycle in Pekin, Illinois. Dispatch notified him that someone had called the police about a blue van which, after moving very slowly on Court Street, had pulled into a parking lot near a Gold's Gym and a Wal-Mart. Mitchell saw a van matching the description in a

2

Wal-Mart parking lot "driving at a 90-degree angle to all the parking lanes in the parking lot," and he stopped the van because he did not "want anybody to get into an accident." There was another man in the passenger seat of the vehicle. The vehicle was still in drive as Mitchell approached it, and Mitchell ordered the driver numerous times to place the vehicle in park before he complied. Mitchell identified Grogg as the driver of the van. Grogg had the odor of alcohol emanating from him a cup of orange liquid which he placed behind him. He also had difficulty getting out of the vehicle. Mitchell administered a horizontal gaze nystagmus test to Grogg and Grogg exhibited six out of the six possible clues of intoxication.

¶ 8 The defense stipulated that Grogg was intoxicated and that a subsequent blood draw showed that Grogg had a blood alcohol content of .255 g/dL after his arrest. Counsel informed the court, however, that the defendant denied he had been the person driving the vehicle. During cross-examination of Mitchell, the defense played a portion of a video which showed Grogg at the police station after his arrest. The State introduced a copy of Grogg's driving abstract showing that his driver's license was revoked at the time of his arrest.

¶ 9 The State rested, and the case was continued to allow the defense an attempt to secure a witness. The defense case began about six months after the State had rested.

¶ 10 Grogg testified in his own defense. He stated that on March 31, 2015, he was a passenger in the back of a van driven by John Robinson. Robinson had chosen the parking lot to practice parallel parking before taking the driving test for renewal of his license. Grogg chose to exit the van so that he could give Robinson "directional hand signals" to help him parallel park. Because the handle on the back door was broken, Grogg had to exit from the front. Robinson went to the passenger side and Grogg was exiting the vehicle on the driver's side when the police "showed

3

up." Grogg denied ever driving the van. Grogg admitted that he had been drinking beer that day. He also admitted that he had "some prior DUI or drunk driving history."

¶ 11 The defense rested. On May 29, 2018, Grogg was found guilty of aggravated driving under the influence of alcohol and driving while license revoked. After his trial counsel withdrew, Grogg was appointed a new public defender who filed a motion to reconsider the guilty verdict. Grogg then hired two new attorneys who filed an amended motion for a new trial, alleging his trial counsel was ineffective for (1) failing to secure Robinson as a witness, (2) losing pictures that showed the van's windows were tinted, and (3) failing to properly cross-examine Mitchell. Grogg also argued that on the first day of his trial, he believed that he was in court for a "402 conference" and not a trial.

¶ 12 A year later, the trial court held a hearing on the amended motion. Grogg testified, stating that he believed that the first day of the bench trial was a "402 conference." He expected there would be "a discussion as to potentially what the judge would impose if [he was] found guilty." He claimed he had given photographs of his van and an affidavit from Robinson to his trial counsel, but counsel either lost the photographs or declined to bring them to court. He admitted that Robinson was still incapacitated in a nursing home and could only speak very softly. He explained that the trial strategy was to stipulate that he was intoxicated, and the focus of his defense would be on his claim that he was not actually driving the van. He believed there was some pretrial discussion with his trial attorney about whether or not "the approach of the officer to the vehicle was proper and lawful." The trial court denied the motion.

¶ 13 The case proceeded to sentencing where the parties stipulated that Grogg had four prior DUI violations. The trial court sentenced Grogg to four years' imprisonment in the Illinois Department of Corrections. On June 19, 2019, Grogg filed a notice of appeal.

¶ 14                                    ANALYSIS

¶ 15        On appeal, Grogg argues that the State's evidence was insufficient to prove him guilty of aggravated DUI. Alternatively, he argues that his trial counsel was ineffective for not filing a motion to suppress the evidence obtained during his traffic stop. We find his argument without merit and affirm his conviction.

¶ 16                            A. Sufficiency of the Evidence

¶ 17        Grogg was convicted of aggravated DUI, enhanced to a Class 1 felony pursuant to subsection 11-501 (d)(2)(D) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(2)(D) (West 2014)). Under subsection (a)(2) of the Code, a person commits a Class A misdemeanor DUI by (1) driving or being in actual physical control of any vehicle (2) while under the influence of alcohol. (625 ILCS 5/11-501(a)(2) (West 2014)). Subsection (d)(1)(A) elevates a section (a) violation to an aggravated DUI (a felony) where the defendant has two prior violations. (625 ILCS 5/11-501(d)(1)(A) (West 2014)). Under subsection (d)(2)(D), an aggravated DUI is a Class 1 felony if the defendant has four prior DUI violations. (625 ILCS5/11-501(d)(2)(D) (West 2014)).

¶ 18        The due process clause protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged. U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, § 2; *In Re Winship*, 397 U.S. 358, 363 (1970). Grogg contends that the evidence presented at trial only supports the Class A misdemeanor because the State presented no evidence of any prior DUI violations. He argues that the prior violations required to elevate the misdemeanor offense to a felony are elements of subsection (d)(1)(A). He requests that this Court reduce his conviction and resentence him accordingly.

¶ 19        The prior DUI convictions are not elements of the subsection (d)(1)(A) offense. *People v. Brose*, 2021 IL App (3d) 180630, ¶ 19. They are aggravating factors that enhanced his offense. *Id.* Grogg's third violation raised the offense to an aggravated DUI and his fourth offense elevated the sentencing to a Class 1 felony. "Since prior DUI violations are not an element of aggravated DUI, the State was not required to prove" them to the trier of fact beyond a reasonable doubt. *Id.*

¶ 20        As was done in *Brose*, Grogg asks that we follow *People v. Zimmerman*, 239 Ill. 2d 491 (2010), where "the supreme court held that a prior adjudication of delinquency was an element of the offense of aggravated unlawful use of a weapon." *Id.* at ¶ 20. We rejected this argument in *Brose* and do so again here. *Id.* at ¶¶ 20–21. Unlike the aggravated DUI, the aggravated unlawful use of weapon offense "is an offense distinct and apart from unlawful use of a weapon." *Id.* at ¶ 21. "Here, the legislature wrote the DUI statute differently. Section 11-501 of the Illinois Vehicle Code defines the offense of driving while under the influence of alcohol to include factors that may result in an aggravated charge." *Id.*

¶ 21        Moreover, unlike other enhancing factors, the State need not submit prior convictions to the trier of fact. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). At trial here, the State introduced a copy of Grogg's driving abstract showing that his driver's license was revoked at the time of his arrest. Grogg then admitted that he had "some prior DUI or drunk driving history." At the sentencing hearing, the parties stipulated that Grogg had four prior DUI violations. Therefore, we find that the evidence at sentencing, taken with the trial testimony, was sufficient to elevate Grogg's sentence to a Class 1 felony under the standard set in *Apprendi*.

¶ 22                              B. Ineffective Assistance of Trial Counsel

¶ 23    Alternatively, Grogg argues his trial counsel was ineffective for not filing a motion to suppress the evidence obtained during his traffic stop. Claims of ineffective assistance of counsel are reviewed under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Johnson*, 2021 IL 126291, ¶ 52. To prevail on such a claim, a defendant must show that counsel's performance was both deficient and prejudicial. *People v. Curry*, 178 Ill. 2d 509, 518-19 (1997). To establish prejudice from a trial counsel's failure to file a motion to suppress, Grogg "must show a reasonable probability that: (1) the motion would have been granted and (2) the outcome of the trial would have been different had the evidence been suppressed." *People v. Givens*, 237 Ill. 2d 311, 331 (2010) (internal quotation marks and citation omitted).

¶ 24    Vehicle stops are subject to the fourth amendment's reasonableness requirement. *People v. Hackett*, 2012 IL 111781, ¶ 20. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *People v. McDonough*, 239 Ill.2d 260, 267 (2012). However, as this court has observed, though traffic stops are frequently supported by "probable cause" to believe that a traffic violation has occurred, as differentiated from the "less exacting" standard of "reasonable, articulable suspicion" that justifies an "investigative stop," the latter will suffice for purposes of the fourth amendment irrespective of whether the stop is supported by probable cause. *Hackett*, 2012 IL 111781, ¶ 20.

¶ 25    Grogg argues that there is a reasonable probability that a motion would have been granted because Officer Mitchell had no basis to stop the van. Mitchell testified that he responded to a dispatch reporting a blue van moving very slowly on a local street before pulling into a Wal-Mart parking lot. He saw a van matching the description and "driving at a 90-degree angle to all the

7

parking lanes in the parking lot." He stopped the van because he did not "want anybody to get into an accident." Grogg contends that this testimony does not support a reasonable suspicion because it does not establish a traffic offense. But he ignores Mitchell's additional testimony that upon approaching the van, he smelled alcohol and saw a glass containing a liquid that Grogg seemingly attempted to conceal.

¶ 26 A police officer may conduct a brief, investigatory stop of a person where the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion. *Id.* at ¶ 20. The officer's belief "need not rise to the level of suspicion required for probable cause." *Id.* Here, the dispatch report of a slow-moving vehicle, taken with Mitchell's observations, does create a reasonable suspicion that the driver might be under the influence of illegal substance. Therefore, we find no prejudice, and Grogg's ineffective assistance claim fails.

¶ 27          CONCLUSION

¶ 28 The judgment of the circuit court of Tazewell County is affirmed.

¶ 29 Affirmed.